ROBERT SMITH PARKS

*v.*

THE NORTHWESTERN UNIVERSITY.

*Opinion filed December 20, 1905.*

1. CHARITIES—*Northwestern University is a charitable institution.* Under its charter and the Statute of Charitable Uses, which is a part of the common law of Illinois, the Northwestern University is a charitable institution, notwithstanding it requires its students to pay tuition.

2. SAME—*reason for rule exempting charitable institution from liability for negligence of its servants.* The rule exempting a charitable institution from liability for the negligence of its servants does not rest solely upon the ground that it is an agency of the State, but also upon the ground that an admission of such liability would result in a diversion of the trust funds of the institution.

3. SAME—*doctrine of respondeat superior does not apply to a charitable institution even though it is a private corporation.* A private corporation organized for the sole) purpose of disseminating learning, having no power to declare dividends and depending for its maintenance upon the income from its property and the endowments and gifts of benevolent persons, holds its funds, from whatever source derived, in trust for the object of its organization, and is within the rule exempting a public charity from liability for the negligence of its servants.

APPEAL from the Branch Appellate Court for the First District;—heard in that court on appeal from the Superior Court of Cook county; the Hon. JESSE HOLDOM, Judge, presiding.

ASHCRAFT & ASHCRAFT, (E. M. ASHCRAFT, of counsel,) for appellant.

H. H. C. MILLER, and C. G. LITTLE, for appellee.

Mr. JUSTICE BOGGS delivered the opinion of the court:

The declaration in this case, after alleging that the appellee undertook, for hire, to teach the appellant the science of dentistry, dental surgery, etc., charged that the appellant received injuries resulting in the loss of an eye through the

negligence of one of the professors employed by the appellee while the appellant was in his charge as a student in a class-room or laboratory of the appellee. A demurrer was sustained to the declaration by the superior court of Cook county and the cause dismissed, and this is an appeal from the judgment of the Appellate Court for the First District affirming the judgment entered in said superior court.

The ground of the demurrer was that the appellee university is a charitable institution organized for the purpose of disseminating education and professional learning, and that the doctrine that the employer shall be liable to respond for the negligent act of the employee has no application to it.

The question as to whether the defense should be raised by demurrer or plea was waived by counsel, and by agreement the charter of the university was produced, and it is agreed that the cause should be considered as if the charter of the appellee was fully pleaded and the issue of law made thereon.

The appellee university was created by a special charter granted to its trustees by the legislature of the State of Illinois, (Private Laws of 1851, p. 20,) and is being operated under that charter and the amendments thereto passed in 1855, 1861 and 1867. By section 2 of the charter it is provided that the appellee shall have perpetual succession, "and shall hold the property of said institution solely for the purpose of education, and not as a stock for the individual benefit of themselves, or any contributor to the endowment of the same." Section 9 provides for a forfeiture should "the corporation at any time act contrary to the provisions of its charter or fail to comply with the same." Appellee is required also, by the terms of said charter, to accept all persons who may apply to it for education, provided they meet the necessary educational requirements and are of good moral character. Many other broad and extensive powers are granted to the appellee university, but they are all conferred to enable it to so manage its property that it may the

more effectively carry out the main purposes of its crea-
tion,—education,—and for that purpose alone.

It is clear from the reading of this charter that the ap-
pellee's entire funds, whether from tuition fees received from
students or other sources, must be used solely for educational
purposes. The appellee corporation has no capital stock, it
cannot declare dividends or share profits, and everything
that it has is held in trust to be applied in such manner as to
best accomplish the purpose for which it was created, viz.,
the diffusion of knowledge and learning.

In the statute of charitable uses, (43 Eliz. chap. 4,)
which is a part of the common law of this State, (*Heuser*
v. *Harris,* 42 Ill. 425; *Andrews* v. *Andrews,* 110 id. 223;)
"schools of learning, free schools," etc., are mentioned as
charitable objects, and the fact that the appellee requires its
students to pay tuition does not change its character as a
charitable institution. (6 Cyc. 974; *Andrews* v. *Andrews,*
*supra.*)

The appellant insists that the appellee university is not
a public charity, within the meaning of the rule that exempts
such institutions from liability for the negligent acts of its
servants. He first argues that the principle of exemption
applies only to involuntary corporations, such as counties,
towns, charitable institutions conducted by the State or gen-
eral government, etc., which are a part of the government of
the State and the exemption exists because they are acting
as agencies of the State, but that it does not apply to corpo-
rations accepting private charters, and that the appellee is
liable upon the same principle that cities and villages are
held liable for the negligent failure to properly maintain
streets, sidewalks, etc., in a reasonably safe condition. Coun-
ties and towns under township organization are created as
agencies of the State for the purpose of exercising locally
certain governmental functions, and in the performance of
duties of that character neither the State nor any of its
agencies are liable to respond in damages for the negligent

acts of any of its servants. An incorporated city or village may have, and usually has, cast upon it authority to perform certain public or governmental duties, and in the performance of such functions these municipalities are not subject to the doctrine of *respondeat superior* for the delinquencies of their agents or officers, for the reason before given that in such matters they are but arms of the State, and the non-liability of the sovereign covers and shields the acts of its agencies. (*City of Chicago* v. *Chicago Ball Club,* 196 Ill. 54.) An incorporated city or village voluntarily accepts a charter granting to it certain private or proprietary powers,—that is, powers to be exercised for the benefit of its citizens,—and a duty is thereby imposed upon them to properly exercise those powers without injury to others, and for the negligent breach of that duty by their servants they are liable to the injured party. But the exemption accorded to charitable institutions does not rest alone on the doctrine that the State or the sovereign is not liable for the acts of its servants. The doctrine of *respondeat superior* does not extend to charitable institutions for the reasons, "first, that if this liability were admitted the trust fund might be wholly destroyed and diverted from the purpose for which it was given, thus thwarting the donor's intent, as the result of negligence for which he was in nowise responsible; second, that since the trustees cannot divert the funds by their direct act from the purposes for which they were donated, such funds cannot be indirectly diverted by the tortious or negligent acts of the managers of the funds or their agents or employees." (5 Am. & Eng. Ency. of Law,—2d ed.—923.) These reasons for exemption apply as well to private as to public charitable corporations.

The appellee university is a private corporation but is organized for purely charitable purposes. It declares no dividends and has no power to do so. It depends upon the income from its property and the endowments and gifts of benevolent persons for funds to carry out the sole object for

which it was created,—the dissemination of learning.   Its charter secures to all persons of good moral character who have made sufficient preliminary advancement the benefits of the university, and all of its funds and property, from whatever source derived, are held in trust by it, to be applied in furtherance of the purpose of its organization and increasing its benefits to the public.   The funds and property thus acquired are held in trust, and cannot be diverted to the purpose of paying damages for injuries caused by the negligent or wrongful acts of its servants and employees to persons who are enjoying the benefit of the charity.   An institution of this character, doing charitable work of great benefit to the public without profit, and depending upon gifts, donations, legacies and bequests made by charitable persons for the successful accomplishment of its beneficial purposes, is not to be hampered in the acquisition of property and funds from those wishing to contribute and assist in the charitable work, by any doubt that might arise in the minds of such intending donors as to whether the funds supplied by them will be applied to the purposes for which they intended to devote them, or diverted to the entirely different purpose of satisfying judgments recovered against the donee because of the negligent acts of those employed to carry the beneficent purpose into execution.

That the appellee, though a private and not a public corporation, being a purely charitable institution, is not answerable for the negligent acts of its employees, is held but with little diversity of opinion.   (5 Am. & Eng. Ency. of Law,—2d ed.—923, and many judicial decisions cited in the note.)   The only case we find in this country expressing a contrary view is *Gavin* v. *Rhode Island Hospital,* 12 R. I. 441, and since that decison the legislature of Rhode Island has, by appropriate enactment, created the exemption here contended for by the appellee university as to all hospitals whose funds are exclusively devoted to charitable purposes. (Gen. Laws of R. I. chap. 177, sec. 38.)

The ruling of the superior court of Cook county in sustaining the demurrer to appellant's declaration was correct. The judgment of the Appellate Court must be and is affirmed.

*Judgment affirmed.*