## Caroline Tollefson, Administratrix, v. City of Ottawa.

### Gen. No. 4,633.

1. MUNICIPAL CORPORATIONS—*when not liable for negligence.* A municipal corporation maintaining a hospital pursuant to its police power is not liable for injuries resulting from the negligence of its servants and agents conducting and carrying on such hospital.

Action on the case for death caused by alleged wrongful act. Error to the Circuit Court of La Salle county; the Hon. RICHARD M. SKINNER, Judge, presiding. Heard in this court at the April term, 1906. Affirmed. Opinion filed October 16, 1906.

I. I. HANNA and HUTTMANN, BUTTERS, CARR & HEADEN, for plaintiff in error.

H. L. RICHOLSON, for defendant in error; SAMUEL RICHOLSON, of counsel.

MR. JUSTICE WILLIS delivered the opinion of the court.

This was an action on the case brought by Caroline Tollefson, as administratrix of the estate of Verna Tollefson, deceased, against the city of Ottawa.

The declaration contained three counts, and alleged in substance that the defendant in error possessed, managed and controlled a certain hospital, called John Ryburn Memorial Hospital, in the city of Ottawa; that the deceased, Verna Tollefson, while sick was received by said defendant in said hospital as a patient to be

nursed, lodged, boarded and cared for for hire and re-
ward; and in the last count it further alleged that the
said hospital was maintained by defendant for profit
and reward to said defendant. Negligence on the part
of the defendant is alleged in the care given the said de-
ceased during her said sickness, which resulted in the
aggravation of her malady, and later in her death, and
thereby damages resulted to her next of kin. The de-
fendant interposed a general demurrer to each count,
which was sustained. Plaintiff abided by her declara-
tion, and the court entered judgment against her that
she recover nothing from the defendant, and that the
said suit be dismissed at her costs.

The sole question presented in this case is whether
or not the city is liable for negligence in the manage-
ment of a city hospital. In order to determine this
question it will be necessary to ascertain by what
authority cities erect and maintain hospitals. Para-
graph 77, section 1, article 5, page 302 of the Cities,
Villages and Towns Act, chapter 24 of Hurd's Revised
Statutes 1905, confers on cities the authority "to erect
and establish hospitals and medical dispensaries, and
control and regulate the same," and the act embraced
in sections 149-159 of chapter 23 of Hurd's Revised
Statutes 1905, page 261, is entitled "An act to enable
cities to establish and maintain public hospitals," and
it provides, among other things, the manner the public
hospital is to be managed, for whose benefit it is estab-
lished, and specifies certain duties of the directors, and
provides for receiving donations for the benefit of the
hospital. It is the contention of the appellant that the
erection and maintenance of the hospital by the city was
voluntary, for its own private purposes, and not in the
exercise of a public duty, and therefore the maxim
*respondeat superior* applies, and therefore the demur-
rer should have been overruled. The erection and
maintenance of a hospital is of no benefit to a city as a
municipality, and whatever connection it has with it is

Tollefson v. City of Ottawa.

simply for the purpose of discharging a public duty cast upon it by the law-making power of the state. It is a duty performed in obedience to the statute, because the legislature has seen fit to delegate the power and require the city to perform a public service in which the city as a corporation has no interest other than as a representative of the state. The object for which it is established is for the preservation of the public health. The very nature of the functions of a hospital shows at once that it is for the benefit of the public health. The fact that patients who are able to pay are required to do so does not deprive the hospital of its eleemosynary character, or permit a recovery for damages on account of the contract relations. Parks v. Northwestern University, 218 Ill. 381. The amounts thus received are not for private gain, but contribute to the more effectual carrying out of the purpose for which the hospital was founded. Better facilities for the care and treatment of the sick, both of the poor and those who are able to pay, are secured by the establishment of hospitals like that of defendant. Also facilities are increased by the receipt of the money from those who are able to pay in whole or in part for the benefits received. The fact that the work done at the hospital may be incidentally commercial in its character, would make it no less a public work. The element of commercial advantage or pecuniary profit to the city is not so as to render the maintenance of the hospital for its private use. Every one is aware that the money received from the patients of a hospital does not fully compensate for the treatment administered. Should there be any revenue derived, it tends to some little extent to lessen the public taxes paid by the citizens. A city hospital is open to all, and the treatment is the same whether the patient pays or not. Compensation is never a condition precedent to the entering into and receiving the benefits of a city hospital.

In this case the service in which the city is engaged is purely for the benefit of the public, and we think the case falls within the rule which exonerates it from responsibility for the consequences of its servants' negligence. It makes no difference that the statute does not make the creation of a hospital compulsory, as there is no corporate advantage or pecuniary profit to the city, and it is not to be held responsible because it exercised the option which was given it. Fisher v. Boston, 104 Mass. 87. In the case of Frazer v. City of Chicago, 186 Ill. 485, the court had under discussion the erection of a small-pox hospital, and it held that this was clearly within the police power of the city and that the city derived its authority from paragraph 77, section 1, article 5, chapter 24, Hurd's Revised Statutes 1905, page 302. In the case of Washingtonian Home v. Chicago, 157 Ill. 414-424, the court spoke of "a hospital created and endowed by the government for general charity."

We are of the opinion that a municipal corporation in the operation of a city hospital under the laws of the State of Illinois is in the exercise of police power, and is acting in the discharge of its duty imposed by law for the promotion and preservation of the public health and general welfare, and that the injury complained of in the declaration, though caused by the negligence of employes of the hospital, is one for which the city is not liable, because the employes were performing acts which the corporation was empowered to do in its public capacity, and therefore the maxim *respondeat superior* does not apply, and the demurrer to the declaration therefore was properly sustained.

The judgment of the Circuit Court will be affirmed.

*Affirmed.*