# Minna B. Armstrong, Appellant, v. Wesley Hospital, Appellee.

## Gen. No. 16,456.

CONTRACTS—*when charitable institution liable for breach.* If a charitable institution is guilty of a breach of contract recovery may be had against it.

Assumpsit. Appeal from the Municipal Court of Chicago; the HON. EDWARD A. DICKER, Judge, presiding. Heard in the Branch Appellate

Court at the March term, 1910. Reversed and remanded. Opinion filed April 25, 1912. Rehearing denied May 9, 1912.

William A. Adams, for appellant; Victor C. Winnen, of counsel.

Morse Ives and H. B. Bale, for appellee.

Mr. Justice McSurely delivered the opinion of the court.

The Wesley Hospital, hereinafter called the defendant, undertook for a consideration of $20, paid in advance by Minna B. Armstrong, hereinafter called plaintiff, to give her certain accommodations and services in the hospital. Plaintiff claims that the services which defendant undertook and promised to give were not given. She brought suit in assumpsit, claiming damages for breach of contract.

At the trial, upon the conclusion of the evidence, counsel for defendant moved the court to "instruct the jury to find the defendant not guilty on the ground that the defendant is a charitable institution, organized not for profit, and as such not liable for injury caused by the negligence of its servants." The court thereupon granted said motion and instructed the jury to find the defendant not guilty, and judgment was entered on such verdict.

The trial court was evidently following the rule announced in Parks v. Northwestern University, 218 Ill. 381, where the Supreme Court held the university not subject to the doctrine of *respondeat superior* for the delinquencies of its agents. The facts disclosed in the opinion touching the character of the university as a charitable institution are much the same as appear here concerning the character of the defendant in the case at bar. The court said that an institution like the university, "though a private and not a public corporation, being a purely charitable institution,

is not answerable for the negligent acts of its employees, is held but with little diversity of opinion.'' This rule could be supported by a long list of citations of decisions in many states. However, in the university case and other like cases the suit was an action on the case for personal injuries, while the case at bar is trespass on the case upon promises. The declaration is in assumpsit, not in tort. It sets up a contract between the parties, wherein for a consideration of $20 paid to the defendant the latter undertook and promised to do certain things, and it further alleges that the defendant failed to perform its promises.

Justice would certainly suggest that if these allegations are true, plaintiff is entitled to recover in assumpsit at least the money paid by her to defendant, and possibly whatever damages for the breach of the contract may be capable of exact proof, although we express no opinion as to the measure of damages, that question not being before us in this case.

The only case to which our attention is called that appears to be parallel to the case at bar is Ward v. St. Vincent's Hospital, 57 New York Supp. 784. The facts, pleadings and proceedings in that case are almost identical with those in the case before us. In the New York case the trial court instructed the jury to find for the defendant, but the court, in reversing, states that it does so on the ground that the action is to recover damages for the breach of a contract, and not an action in tort, and also holds that the question of the breach of a contract was for the jury to determine. We do not wish to be understood as indicating any opinion one way or another concerning what was said in the New York case touching the measure of damages. We believe, however, that the New York court is correct in noting the difference between the rule in an action to recover for personal injuries occasioned by negligence of an employe of a charitable

institution, and an action to recover for the breach of a contract.

In our opinion the trial court in the case before us erred in treating this case as an action in tort instead of an action in assumpsit, and we hold that the jury should have been permitted to pass upon the facts as alleged in the declaration.

The judgment is therefore reversed and the cause remanded for a new trial.

*Reversed and remanded.*