## Rose Marabia, Appellant, v. Mary Thompson Hospital of Chicago for Women and Children, Appellee.

### Gen. No. 26,298.

1. APPEAL AND ERROR—*when order granting motion to vacate and set aside judgment appealable.* An order, granting a motion which was made, under section 89 of the Practice Act (Cahill's Ill. St. ch. 110, ¶ 89), after the expiration of the term at which a judgment was entered, to vacate and set aside the judgment, and recalling and quashing an execution which had issued, and granting to the defendant time within which to appear and plead, is appealable.

2. JUDGMENT—*what admitted by demurrer to motion to vacate and set aside.* A demurrer to a motion to vacate and set aside a judgment admits all well-pleaded facts set up in the motion.

3. APPEAL AND ERROR—*when allegations of motion to vacate and set aside judgment assumed to be true.* Where a motion to vacate and set aside a judgment was demurred to, the allegations of the motion must, on appeal from the order granting the motion, be assumed to be true.

4. JUDGMENT—*what not abolished by statute abolishing writ of error coram nobis.* While section 89 of the Practice Act (Cahill's Ill. St. ch. 110, ¶ 89) has abolished the writ of error *coram nobis*, it has not abolished the essentials of the proceeding and such essentials remain the same.

5. JUDGMENT—*what errors of fact may be corrected on statutory motion.* The errors of fact which may be corrected on motion under section 89 of the Practice Act (Cahill's Ill. St. ch. 110, ¶ 89) are limited to the same and similar errors of fact as could be corrected by the common-law writ of error *coram nobis*.

6. JUDGMENT—*statutory motion to correct errors as new suit.* A motion, made under section 89 of the Practice Act (Cahill's Ill.

St. ch. 110, ¶ 89), which substitutes a motion for the writ of error *coram nobis*, is a new suit.

7. JUDGMENT—*pleadings, issues and judgment on statutory motion to correct errors.* On a motion under section 89 of the Practice Act (Cahill's Ill. St. ch. 110, ¶ 89) which substitutes a motion for the writ of error *coram nobis*, the pleadings are original and the issues separate and distinct from the original suit, and the judgment entered is separate and distinct from the original judgment.

8. JUDGMENT—*when default judgment cannot be vacated on motion in nature of writ of error coram nobis.* A default judgment cannot be vacated after the judgment term, on a motion in the nature of a writ of error *coram nobis*, on the ground that the return of the sheriff has been impeached.

9. APPEAL AND ERROR—*immateriality of theory on which trial court reached correct conclusion.* The theory of the trial court in entering an order, granting a motion, made under section 89 of the Practice Act (Cahill's Ill. St. ch. 110, ¶ 89), to vacate and set aside a judgment, is immaterial on appeal where the order of such court reached a correct conclusion.

10. CHARITIES—*nonliability of public charitable hospital in tort.* An action in tort, based upon the doctrine of *respondeat superior*, cannot be maintained against a public charitable hospital.

11. CHARITIES—*waiver by public charitable corporation of nonliability in tort.* A public charitable corporation cannot waive its exexemption from liability in tort and hence does not waive such exemption by its failure to plead the exemption prior to the entry of a default judgment against it.

12. JUDGMENT—*what not adjudicated by default judgment in tort action.* The issue as to whether the defendant, sued in tort, was or was not a public charitable corporation *held* not one which was adjudicated by the default and judgment entered in the case.

13. JUDGMENT—*what admitted by demurrer to motion to vacate.* The allegations, in relation to the alleged service on the defendant public charitable corporation and its status as such corporation, contained in a motion, in the nature of a writ of error *coram nobis*, to vacate a judgment entered by default, were admitted by plaintiff's demurrer.

14. JUDGMENT—*when statutory motion to vacate lies.* A motion, made under section 89 of the Practice Act (Cahill's Ill. St. ch. 110, ¶ 89), which substitutes a motion for the writ of error *coram nobis*, *held* to lie to vacate a default judgment against a public charitable hospital which was sued in tort.

Appeal from the Circuit Court of Cook county; the Hon. FRANK

JOHNSTON, JR., Judge, presiding. Heard in this court at the October term, 1920. Affirmed. Opinion filed March 7, 1922.

AARON R. EPPSTEIN, for appellant.

GARDNER, FOOTE, BURNS & MORROW and ANGUS R. SHANNON, for appellee; WALTER M. FOWLER, of counsel.

MR. JUSTICE MATCHETT delivered the opinion of the court.

This is an appeal by plaintiff below from an order entered, granting the motion of defendant to vacate and set aside a judgment entered on the 9th day of April, 1920, and recalling and quashing an execution which had issued thereon, and granting to the defendant 10 days within which to appear and plead to the declaration filed in the cause. The motion was made under section 89 of the Practice Act, Hurd's Rev. St. 1919, ch. 110 (Cahill's Ill. St. ch. 110, ¶ 89). The motion was in writing and supported by the affidavit of the defendant corporation to the effect "that the facts therein stated are true in substance and in fact."

In response to rule, the plaintiff demurred to the motion, the demurrer was overruled and the plaintiff elected to stand by her demurrer; thereupon the order was entered.

As the motion was made after the expiration of the term at which the judgment was entered, the order is an appealable one. *Cramer v. Illinois Commercial Men's Ass'n,* 260 Ill. 516.

The demurrer admitted all well-pleaded facts set up in the motion, and the allegations of the motion must therefore, for the purpose of considering this appeal, be assumed to be true. These allegations, in substance, are that a judgment was entered on April 9, 1920, in favor of plaintiff and against defendant for $3,550; that the præcipe was filed June 23, 1919, in said cause in a plea of trespass on the case; that sum-

mons issued and was returned by the sheriff; that the same was served on "Frances Doody, agent of said corporation, this 24th day of June, 1919"; that July 23, 1919, a declaration was filed consisting of two counts, both of which alleged that plaintiff while a patient in said hospital was injured through negligence of defendant's servants, employees, physicians and nurses; that October 11, 1919, an order was entered defaulting the defendant, and on April 9, 1920, an *ex parte* hearing was had and a verdict rendered against the defendant for $3,550.

That Frances Doody at the time of alleged service was employed by defendant as a night supervisor of nurses; that her duties were to supervise the work of the night nurses in said hospital; that she had absolutely nothing to do with the business end of said hospital or in the management of the same, and that her duties were confined solely to the direction of the work done by the night nurses employed in said hospital, and at the time of the alleged service she was not on duty as night supervisor; that her hours were from 7 o'clock in the evening until 7 in the morning; that the summons was served on her prior to her going on duty in the evening; that she informed the deputy that she had no authority to accept service; that the deputy insisted on leaving the summons with her, and promised to return and serve it upon the superintendent; that she, believing the sheriff would so return and serve the summons, left the summons upon her desk and neglected to call the defendant's attention to it.

That at that time all the officers of the defendant were in the City of Chicago and accessible for service, but that none was served, and that no officer or agent of said defendant ever at any time saw said summons or had any notice that said suit was pending until after the judgment was rendered. That the first notice or knowledge of the pendency of said suit was brought to the defendant at the time of the service of

the execution issued upon the judgment on about April 20, 1920, and after the term of the court had expired at which the judgment was rendered.

The motion further alleges that defendant is a corporation organized under the laws of the State of Illinois, not for pecuniary profit and solely and alone for charitable purposes and uses, and always has so functioned, and had no power or authority to function otherwise; that its creation was for the purpose of establishing and maintaining a hospital, not for profit but as a charitable institution, in the City of Chicago, and that it was first organized May 20, 1876. Certified copies of its charter and certificate showing a change of its name theretofore made are attached to the motion and made a part of it.

It is also alleged that the defendant, for the sole purpose of establishing and maintaining the said hospital, has received large and various gifts from parties for the construction, maintaining and operation of it; that it charges its needy patients nothing for board and treatments, and that the payments voluntarily given it, received from patients desiring to assist in its charitable work, are insufficient to cover the per capita cost of maintaining it; that the income so received from such persons so desiring to pay is added to that derived from various endowments, gifts, donations and foundations, and makes it possible to carry on the work proposed in its charter; that the affairs of the corporation are managed by a board of trustees who serve without compensation; that no dividends or moneys of any nature, name or description are paid, nor under its charter can be paid, to any person or persons by reason of any income, interest or other payments that may be derived through or by the operation of said hospital, or from the endowments and gifts made to it. "That the trustees of said institution are prohibited from diverting funds to purposes other than those for which they were do-

nated to this defendant, and have no power to use any of the funds of said corporation, whether derived from gifts and donations, or from payments by persons who are desirous to pay for services rendered, for any other purpose than the maintenance of said hospital; that this defendant has no other property or funds except that which has come to it through gifts, donations, legacies or the proceeds of investments made from the funds derived from gifts, as aforesaid.''

It is further alleged that none of the facts set forth has heretofore appeared, in the record because that each and all of them were unknown to the court, and have not been ruled or passed upon by the court; that the declaration shows that the cause of action is based upon the negligence of defendant's servants, etc., that it is based upon the rule of *respondeat superior*, and that under the laws of this State plaintiff has no cause of action as alleged in the declaration because of the facts which are alleged in the motion, and that the court has no jursidiction to enter any judgment against it of the nature demanded by the declaration.

The statute under which the motion was made provides:

''The writ of error *coram nobis* is hereby abolished, and all errors in fact, committed in the proceedings of any court of record, and which, by the common law, could have been corrected by said writ, may be corrected by the court in which the error was committed, upon motion in writing, made at any time within five years after the rendition of the final judgment in the case, upon reasonable notice.'' [Cahill's Ill. St. ch. 110, ¶ 89.]

While this statute, in terms, abolishes the writ, it has not abolished the essentials of the proceeding; these remain the same. *Mitchell v. King*, 187 Ill. 452. The errors of fact which may be corrected on motion under this section are limited to the same and similar errors of fact as could be corrected by the common-

law writ. *Gould's Estate v. Watson,* 80 Ill. App. 242. Such a motion is, in fact, a new suit. The pleadings are original and the issues separate and distinct from the original suit, and the judgment entered in a separate and distinct judgment from the original judgment. *Barnes v. Chicago City Ry. Co.,* 185 Ill. App. 148.

Appellant asserts that it was the view of the trial court that the return of the sheriff might be contradicted in this proceeding, and that the order was entered on the theory that the judgment should be set aside because the return of the sheriff had been impeached. That the writ does not lie for such purpose is decided by the Supreme Court in *Chapman v. North American Life Ins. Co.,* 292 Ill. 179.

Whatever the theory of the trial court may have been is entirely immaterial if it reached a correct conclusion. The original suit was on the case for alleged negligence based on the doctrine of *respondeat superior*. This appears from both counts of the declaration, to which counts the motion refers. That such an action in tort cannot be maintained in this State against a public charitable institution is held in *Parks v. Northwestern University,* 218 Ill. 381, where the court said:

"The doctrine of *respondeat superior* does not extend to our charitable institutions for the reasons, 'first, that if this liability were admitted the trust fund might be wholly destroyed and diverted from the purpose for which it was given, thus thwarting the donor's intent, as the result of negligence for which he was in nowise reasonable; second, that since the trustees cannot divert the funds by their direct act from the purposes for which they were donated, such funds cannot be indirectly diverted by the tortious or negligent acts of the managers of the funds or their agents or employees.' "

That the defendant appellee is a public charitable institution not liable to action of the character which was brought against it is alleged in the motion and

by the demurrer thereto admitted to be true. The nature of this immunity or exemption is the real subject of controversy. Appellant says that its immunity is a mere matter of defense, which it was necessary for appellee to plead specially, and that if it failed to do so the defense was waived, and that it had the power to waive its defense if it saw fit. Appellant says that the situation of appellee is in this respect similar to that of a municipal corporation, which being exempt from garnishee process, must, nevertheless, claim such exemption, which and if it does not do, the exemption is waived. It also says the situation is similar to that of a defendant, who, under the facts of a given case, may avail himself of the benefits of the statute of limitations, but which, failing to do, he is held to have waived the benefit.

Appellant also says that the issue of whether the appellee was or was not a public charitable corporation was one necessarily adjudicated by the default and judgment entered. That if it was not adjudicated, it was an issue that might have been thereupon tried and adjudicated, and that the doctrine of *res adjudicata* is therefore applicable, and precluded the entry of the order appealed from.

We do not think that the situation of appellee is similar or analogous to that of a municipal garnishee, nor of a defendant who has failed to plead the statute of limitations. And we do not think that the cases cited in support of that contention are applicable to the facts set up in the motion. We think there is a clear distinction in that in those cases, unlike this one, the defendants respectively had the legal right either to claim the exemption or not claim it. The defendants there did not act in a fiduciary capacity. Whether exemption or privilege was claimed or not claimed in these cases was a matter which concerned only the defendants themselves. The motion here sets up a different situation.

The limitation alleged for it by the motion and admitted by the demurrer is one that goes to the essential character in which appellee acts. Its duty is in the nature of acting as a trustee of public funds which donors have given for public uses, and in which the public and the donors have an interest which the defendant had no right, nor, we think, power to waive. It is exempt from liability in this class of cases because of a fundamental lack of capacity; that is the capacity or right to transfer or permit its funds to be transferred, all of which, according to the statements of the motion, are impressed with the trust. Its officers and trustees could not divert these trust funds by direct conveyance; they cannot divert them indirectly by permitting the judgment to be entered against the corporation, and execution thereon to be levied on the property. If we are correct in this conclusion we think it follows that the issue could not be considered as adjudicated by the entry of the judgment. We think it would be just as reasonable to say that the question of the minority of a defendant had been adjudicated by judgment entered against a minor, although no guardian had been appointed.

The allegations of the motion are admitted by this demurrer. If appellant desired to raise any issue of fact she should have done so by an appropriate plea. It is intimated in *Gould's Estate v. Watson, supra,* that the writ of error *coram nobis* might be limited to the cases enumerated by the ancient law writers. But the decision does not so hold, and we think such ought not to be declared to be the law. We think the motion here stated facts showing a situation and a wrong such as that writ was intended to give a remedy for, and that the remedy should therefore be applied. This is, of course, on the assumption that the facts set up in the motion are true in fact. If these are not, in fact, true, appellant should have taken issue upon them.

The order will be affirmed.

*Affirmed.*

DEVER, P. J., and McSURELY, J., concur.