## George Albert Hogan, by G. J. Hogan, Appellant, v. Chicago Lying In Hospital and Dispensary, Appellee.

### Gen. No. 32,010.

1. COURTS—*decisions in own State as precedents.* The decisions of the Illinois courts and not those of a sister State will be followed in determining whether a person who pays an adequate fee for services rendered by a purely charitable hospital can maintain an action against the hospital for damages for injuries caused by the hospital negligence.

2. ASYLUMS AND HOSPITALS—*right of action for injuries by person paying adequate hospital fee.* A person who pays an adequate fee for services rendered by a purely charitable hospital cannot maintain an action against the hospital for damages from injuries caused by the hospital negligence.

Appeal by plaintiff from the Superior Court of Cook county; the Hon. WILLIAM N. GEMMILL, Judge, presiding. Heard in the first division of this court for the first district at the October term, 1927. Affirmed. Opinion filed January 30, 1928.

OLDS & LARUE, for appellant; MILFORD H. OLDS and JOHN F. BELLAIR, of counsel.

H. L. HOWARD and WILLIAM GREENE, for appellee.

MR. JUSTICE O'CONNOR delivered the opinion of the court.

Plaintiff, an infant, by his father and next friend brought suit against the defendant to recover damages alleged to have been sustained by him by reason of the defendant's negligence. To the declaration the defendant filed three pleas, the second of which set up as a defense that the defendant was incorporated under the laws of this State, as a corporation not for pecuniary profit; that the object for which it was formed was the establishment and maintenance of a hospital and dispensary and other works of charity; that all of its purposes were charitable purposes and not for pecuniary profit; that it had no capital stock and did not declare any dividends and at the time in question was maintaining a hospital and dispensary for charitable purposes. Plaintiff interposed a demurrer to this plea and it was overruled. He elected to stand by his demurrer and the suit was dismissed at his costs and this appeal followed.

The allegations of the declaration, so far as it is necessary to notice them here, are that on February 17, 1926, plaintiff's mother was admitted to the hospital for confinement upon payment of an admission fee of $75; that plaintiff was born at the hospital on that date and five days later, when he was placed in a nursery room of the hospital where no one was allowed to be or appear except the agents and servants of the defendant, his feet were severely burned by reason of the fact that he was placed under a therapeutic lamp, and that his injuries were caused by the negligence of the defendant; that plaintiff's mother was not a poor woman and did not seek charity, but on the contrary she was charged and paid for the services rendered $193.60 exclusive of doctor's fees, which was an adequate fee for the services rendered.

Counsel for plaintiff contend that "Where an institution organized for charitable purposes undertakes

to assume a duty to an individual for an adequate money consideration, it should be held liable in damages for its neglect or default of said duty''; and that where an adequate fee is paid to such an institution for services, it ought to be held liable for the torts of its servants and agents, and that the rule announced by some authorities to the contrary is not logical or supported by reason. We have been favored with an exceptionally able and lucid brief filed by counsel for plaintiff and have carefully considered the many authorities there cited and the argument made. And while the precise point—whether a person who pays an adequate fee for services rendered by a charitable organization, such as the one in the instant case, can maintain an action against such charitable organization on account of the latter's negligence—so far as we have been able to ascertain.has not been passed upon by the courts of this State, yet we are of the opinion that the effect of the decisions of our courts are that no recovery can be had in such case. *Parks v. Northwestern University,* 218 Ill. 381; *Tollefson v. City of Ottawa,* 129 Ill. App. 139, aff'd 228 Ill. 134; *Johnston v. City of Chicago,* 258 Ill. 494; *Armstrong v. Wesley Hospital,* 170 Ill. App. 81; *Marabia v. Mary Thompson Hospital of Chicago,* 224 Ill. App. 367; *Curtis v. City of Paris,* 234 Ill. App. 157.

In the instant case the averments of defendant's plea which are admitted by the demurrer to be true are that the defendant is a corporation organized under the laws of this State, not for pecuniary profit; that its purpose is the maintenance and establishment of a hospital and dispensary for charitable purposes and not for profit; that it was conducting such a hospital at the time plaintiff was injured, and that it has no capital stock and does not declare any dividends.

Counsel for plaintiff contend that the rule exempting a charitable institution from liability for the torts

334 APPELLATE COURTS OF ILLINOIS.

Hogan v. Chicago Lying In Hospital & Dispensary, 247 Ill. App. 331.

committed by its agents or servants is found in *McDonald v. Massachusetts General Hospital,* 120 Mass. 432, which case relied upon the authority announced by the early English case of *Holliday v. St. Leonard's,* 11 C. B. (N. S.) 192, and that the latter case had been overruled by the House of Lords in 1866 and again in 1870–1871, in the case of *Mersey Docks v. Gibbs,* L. R. 1 H. L. 93, and *Foreman v. Mayor of Canterbury,* Q. B. L. R. 214; and that both of these cases were decided before the *McDonald* case, but that this fact was apparently not brought to the attention of the Massachusetts court. Whatever may be the reason for the rule, we feel that the decisions of the courts of this State above referred to must be followed in the instant case.

In the *Parks* case, *supra,* a dental student attending the Northwestern University alleged that he lost an eye through the negligence of one of the professors employed by the university, and it was there held that he could not recover because it was the law that charitable institutions were exempted from liability for the negligence of their servants upon the ground that to do so would result in a diversion of the trust funds of the institutions. It was there pointed out that the university was created by a special charter and that it could hold property solely for the purpose of education and not for the benefit of individuals; that it must accept all persons that might apply to it for education provided they met the educational requirements and were of good moral character. The court said (p. 383): "The appellant insists that the appellee university is not a public charity, within the meaning of the rule that exempts such institutions from liability for the negligent acts of its servants," and further: "These reasons for exemption apply as well to private as to public charitable corporations," and also said (p. 385): "That the appellee, though a pri-

vate and not a public corporation, being a purely charitable institution, is not answerable for the negligent acts of its employees, is held but with little diversity of opinion.'' Although the facts in the *Parks* case are not the same as those in the case before us, yet we are of the opinion that they are not distinguishable so far as the legal principle under consideration is involved.

In the *Tollefson* case it was held that a municipal corporation maintaining a hospital pursuant to its police power is not liable for injuries resulting from the negligence of its servants in conducting the hospital. In that case the court said (228 Ill. 136): ''If the purpose be charitable, then the city is not liable for the negligent acts of its employees in the institution. (*Parks v. Northwestern University,* 218 Ill. 381.)'' And in the *Johnston* case (258 Ill. 494) the court used this language (p. 498): ''A purely charitable corporation is by the weight of authority held not liable for the torts or neglect of its servants in the performance of their duties in carrying on the work of such corporation.'' Citing *Parks v. Northwestern University, supra.* And in the late case of *Curtis v. City of Paris, supra,* the court, speaking by Mr. Justice Heard, now Chief Justice of the Supreme Court of this State, held that a city was not liable for the negligence of its board of health in erecting a barrier across a street to establish a quiet zone for the benefit of a sick person. On page 161 of that case the following quotation appears: ''A purely charitable corporation is by the weight of authority held not liable for the torts or neglect of its servants in the performance of their duties in carrying on the work of such corporation.'' Citing a number of authorities.

In view of the authorities above referred to in this State, we are of the opinion that the demurrer to the special plea of the defendant was properly overruled.

It follows, therefore, that the judgment of the superior court of Cook county must be affirmed.

*Affirmed.*

MATCHETT, P. J., and McSURELY, J., concur.