(No. 1511— )

JOHN GROOTENS, ALBERT BECK, AND FRANCES BECK, HIS WIFE, Claimants, *vs.* STATE OF ILLINOIS, Respondent.

*Opinion filed March 12, 1930.*

*Rehearing denied May 28, 1930.*

EUGENE W. KREITNER, for claimants.

OSCAR E. CARLSTROM, Attorney General; ROY D. JOHNSON, Assistant Attorney General, for respondent.

Mr. JUSTICE THOMAS delivered the opinion of the court:

This claim is for $12,000.00 damages alleged to have been caused to the property of claimants by the construction of State Route No. 13. The property is located in Park Place Addition to the City of Carbondale and is adjacent to Route 13. The declaration charges that the State of Illinois.

through its agents and servants, improperly, negligently and unlawfully constructed said highway, in this, that it failed to provide the necessary and adequate culverts, and other adequate drains, wherewith to adequately drain the water from the property.

Route No. 13 is one of the public highways of the State constructed and maintained for the use of the general public. In the construction of public highways the State acts in its governmental capacity, and in the performance of such governmental function it is not liable to respond in damages for the negligent acts of its servants. (*Parks* v. *Northwestern University*, 218 Ill. 381; *Kinnare* v. *City of Chicago*, 171 Ill. 332.)

Claimants have cited a number of cases in their brief holding that drainage and sanitary districts, cities and villages and corporations organized for profit are liable for damages caused by the negligent acts of their servants and agents. There is no question but that the rule of *respondeat superior* applies to such corporations in many instances. Drainage and sanitary districts, cities and villages are voluntary corporations organized at the instance of the people affected thereby. When the people of any given territory organize such territory into a drainage or sanitary district, a city or village, the municipality thus created becomes vested with certain rights and powers and burdened with certain duties and obligations. Among these is the right to take or damage private property for the benefit of the municipality and the obligation to compensate the owner of the property for such taking or damage. These obligations are not thrust upon such municipalities *nolens volens*,—they are voluntarily assumed,—and having been so assumed the municipality is liable for the consequences that legally follow. (*Johnston* v. *City of Chicago*, 258 Ill. 494.) But this rule does not apply to the State, nor to any governmental subdivision of the State for governmental purposes. In *Parks* v. *Northwestern University, supra*, at page 383, the Supreme Court says: "Counties and towns under township organization are created as agencies of the State for the purpose of exercising locally certain governmental functions, and in the performance of duties of that character neither the State nor any of its agencies are liable to respond in damages for the negligent acts of any of its servants." To apply the rule of

*respondeat superior* to the State, as claimants contend we should, would make the State responsible for any wrongful conduct or negligent act of its many officers and employees that might result in damage to a citizen. We cannot think the Legislature intended such a drastic change in the law when it created this court and gave it power to hear and determine all legal and equitable claims against the State.

The immunity of the State from liability for the negligent or wrongful acts of its agents does not relieve the agents from responsibility. (25 R. C. L., sec. 50, p. 413; *Peterson* v. *State,* Nos. 1126 and 1127; *Theiler* v. *State,* Nos. 1413, 1414 and 1415; *Braun* v. *State,* No. 1281; *Tuttle* v. *State,* 5 Ct. Cl. 3; *Heiss* v. *State,* 5 Ct. Cl. 298; and cases cited in those opinions.)

If the agents of the State, by their negligent, wrongful and unlawful conduct have damaged the property of claimants they are liable to claimants for such damage, and claimants are not without remedy. Claimants were not required to permit the contractor or other agents of the State to damage their property in the construction of the road until such damage had been ascertained and paid for. They could have enjoined them from performing the alleged wrongful acts until the damage had been ascertained as provided by law. It is well settled that injunction is a proper remedy where public officers, under color of power or claim of right, are illegally attempting to take or injure the property or impair the rights of a citizen. (*Lowery* v. *City of Pekin,* 186 Ill. 387; *Stiles* v. *State,* No. 1380 and cases therein cited.)

No statute has been passed making the State liable for damages caused by the negligence of its agents in constructing State highways and, in the absence of such a law, this court has no power to declare it so liable.

The award is denied and the claim dismissed.

On May 28, 1930, upon petition for rehearing, the following additional opinion was filed:

Claimant has filed a petition for rehearing in this case. All the points urged in the petition were considered and decided by the court at the hearing, and the opinion is in accord with a long line of decisions of this court in similar cases.

The rehearing is therefore denied.