(No. 2076—

MARY PALUMBO, ADMINISTRATRIX OF THE ESTATE OF CARMINE CAMPAGNIE, ALSO KNOWN AS CARMELO CAMPAGNIE, Deceased, Claimant, vs. STATE OF ILLINOIS, Respondent.

*Opinion filed October 9, 1934.*

DAWSON, DAWSON & SCHNEBERGER, for claimant.

OTTO KERNER, Attorney General; JOHN KASSERMAN, Assistant Attorney General, for respondent.

MR. CHIEF JUSTICE HOLLERICH delivered the opinion of the court:

Mary Palumbo, as administratrix of the estate of Carmine Campagnie, also known as Carmelo Campagna, deceased, filed her complaint herein on February 23, 1933, seeking to recover damages for the pecuniary loss sustained by the widow and next of kin of said decedent, by reason of his death, which, it is alleged, resulted from the negligent and wrongful acts of certain officers and agents of the respondent.

The complaint alleges in substance that on February 16, 1932, claimant's decedent became a patient at the Illinois Research and Educational Hospital at 1819 West Polk Street, Chicago; that on March 4, 1932, the respondent, through its physicians and employees at said hospital, performed a surgical operation upon said decedent; that said operation was unnecessary and was performed by such physicians and em-

ployees "through their desire to increase their own knowledge of kidney diseases rather than from a just and proper regard for the welfare and rights of said patient;" that said operation was performed without securing the consent of said patient, or of his wife or children; that said patient died as the immediate effect of the operation, and that his widow and minor children have sustained a pecuniary loss on account of his death in the amount of Ten Thousand Dollars ($10,000.00).

The Attorney General has moved to dismiss the case, for the reason that the State in the conduct and operation of institutions such as the Research and Educational Hospital is engaged in the exercise of a governmental function, and therefore is not liable for the negligence of any of its employees or agents in connection therewith.

A similar question was presented in the case of *Lillie Bell Jones* vs. *State,* No. 1787, recently decided by this court. In that case the claimant alleged that she had sustained serious and permanent injuries as the result of a tonsillectomy performed on her at a time when she was a patient at the Illinois Eye and Ear Infirmary, a State charitable institution located at Chicago. She claimed that the operation was performed by an interne, that it was performed negligently, and unskilfully, and that as the result thereof she sustained serious and permanent injuries. The authorities on the question were carefully considered and the court there held that in the conduct and operation of such institution the State was engaged in the exercise of a governmental function, and therefore was not liable for the negligence of its servants and agents in connection therewith.

The case was carefully considered and numerous authorities were cited in support of the conclusion there reached, among which were the following: *Tollefson* vs. *City of Ottawa,* 228 Ill. 134; *Minear* vs. *State Board of Agriculture,* 259 Ill. 549; 13 R. C. L. 944, Section 8.

In that case it was also pointed out that even if the institution had been operated by a private corporation, under the law as laid down in the cases of *Parks* vs. *Northwestern University,* 218 Ill. 381; *Hogan* vs. *Chicago Lying-in Hospital,* 335 Ill. 42; and *Simon* vs. *Pelouse,* 263 Ill. App. 177; there would be no liability on the part of the corporation for the negligent acts of its servants and agents.

From the allegations contained in the complaint, it appears that the Research and Educational Hospital belongs to the same general class of institutions as the Illinois Eye and Ear Infirmary, and what we said in the Lillie Bell Jones case applies with equal force to this case.

This being a case in which there would be no legal liability on the part of the State if the State were suable, we have no authority to enter an award. *Crabtree* vs. *State*, 7 C. C. R. 207; *Morrissey* vs. *State*, No. 2233, decided at the January Term, 1934, of this court.

The motion of the Attorney General must therefore be sustained and the case dismissed.