(No. 1880—■)

CITY OF QUINCY, A MUNICIPAL CORPORATION, ETC., Claimant, *vs.* STATE OF ILLINOIS, Respondent.

*Opinion filed November 9, 1937.*

JAMES P. NIELSON, for claimant.

OTTO KERNER, Attorney General; JOHN KASSERMAN, Assistant Attorney General, for respondent.

MR. JUSTICE YANTIS delivered the opinion of the court:

On April 5, 1931 and for many years prior thereto, the State of Illinois was the owner of a property located on the South side of Jersey Street in the City of Quincy, on which was located an Armory Building, built and maintained by the State. On the night of said date one Marguerite Golden was walking along the sidewalk that abutted said Armory Building. Complainant represents that there was a basement beneath such sidewalk of a depth of ten (10) feet, and that there

was an iron lid resting on a metal frame in the sidewalk, such opening being thirty (30) inches wide and thirty (30) inches long, used by the respondent for the purpose of dumping coal into the basement of the Armory Building. Claimant further represents that the iron lid was improperly constructed, that it was not securely fastened and that its defective condition had existed for more than a year prior to the night in question and that such condition was known or could have been known to respondent, had it exercised reasonable care in the maintenance and inspection of such sidewalk.

Marguerite Golden stepped upon the covering of this opening and when it tilted under her weight she was thrown through the opening into the basement beneath such sidewalk, sustaining the injuries complained of. Suit was instituted against the City of Quincy for Twenty-five Thousand ($25,-000.00) Dollars damages, and a settlement was thereafter agreed upon between Marguerite Golden and the City of Quincy whereby she received One Thousand Eight Hundred Sixty ($1,860.00) Dollars.

The City of Quincy as claimant now seeks an award from the State of Illinois for reimbursement of the sum thus expended, and predicates it claim upon the charge that said accident was due to the negligent construction and maintenance by the State of the coal hole and sidewalk in front of the Armory Building.

The Attorney General has filed a motion to dismiss the claim on the ground that the State could not be held liable for injuries resulting from the tort actions of its servants or employees. The question of whether the State should respond in damages arising through the negligence of its employees has been before the court many times. It is a well established principle of law, supported by the decisions of other courts as well as by numerous decisions of this court, that the State is not liable for the negligence of its officers, servants or agents in the performance of governmental functions. (*Hinchscliff* vs. *State,* 2 C. C. R. 159, *Petersen* vs. *State,* 8 C. C. R. 9, *Parks* vs. *Northwestern University,* 218 Ill. 381 and *Minear* vs. *State Board of Agr.* 259 Ill. 549.)

In the case of *Kramer* vs. *State,* 8 C. C. R. 31, claimant sustained injuries in the office of the Civil Service Commission in the State House by tripping over a piece of heavy linoleum which had become worn and broken and was projecting up-

wards from the floor. Recovery was sought upon the theory that it was the duty of the State to maintain and keep the floor in question in proper and safe condition. An award was denied for the reason that the State is not liable for the negligence of its officers, servants or agents in the performance of governmental functions, and the ruling therein stated applies to the present claim. The Doctrine of RESPONDEAT SUPERIOR does not apply to the State. The present claim is based directly upon the alleged negligence of employees of the respondent both in the construction and in the maintenance of the sidewalk in question, and no recovery can be allowed therefor. The motion of the Attorney General is allowed and the claim dismissed.