## Agnes R. Moore, Appellant, v. William J. Moyle et al., Appellees.

### Gen. No. 10,269.

Opinion filed October 14, 1948.
Released for publication November 15, 1948.

DAVID F. MATCHETT, JR., HUGH M. MATCHETT both of Chicago, and WILLIAM L. EAGLETON, of Peoria, for appellant.

CLARENCE W. HEYLE, of Peoria, for appellees.

MR. PRESIDING JUSTICE WOLFE delivered the opinion of the court.

In 1940, Agnes R. Moore was a student at Bradley Polytechnic Institute in Peoria, Illinois. William J. Moyle was an instructor in the Department of Physical Education in the College and B. G. Bramlage was acting as his assistant. The college, through its agents, purchased a trapeze to be used in a college circus. On May 2, 1940, while Miss Agnes R. Moore was practicing an act on the trapeze in preparation for the circus, the trapeze assembly fell with her to the hardwood floor of the gymnasium, resulting in the injury of Miss Moore.

On July 3, 1941, she brought a suit against Moyle, Bramlage and the Bradley Polytechnic Institute, an Illinois corporation, to recover damages for the personal injuries sustained by her on May 2, 1940, on the ground that said injuries resulted from the negligence of Moyle and Bramlage in their course of employment by the Bradley Polytechnic Institute, and by the negligence of all of the defendants in the selection of a certain manufacturer of athletic equipment, because said manufacturer was not a competent manufacturer of said equipment, and was unable financially to respond in damages for losses sustained by reason of defects in said equipment, due to the negligence in the manufacture thereof.

On July 31, 1941, the Bradley Polytechnic Institute moved to dismiss the action, because it was a charitable corporation, and could not be sued in an action of tort

for negligence, either of its servants or employees. It also contended the court had no jurisdiction of the sub-. ject matter of the suit. This motion was overruled without prejudice to raise the same matter by answer. On April 20, 1942, the individual defendants filed a motion to dismiss the complaint, and were joined by Bradley Polytechnic, etc. The college again alleged that it was a charitable institution, and not liable in tort. This motion was amended, and extended to the complaint as amended, and the supplemental complaint as amended. December 11, 1942, the court entered an order striking all counts as regards the college. On July 15, 1946, plaintiff filed a motion to set aside the order of December 11, 1942, dismissing count 2 of the complaint, as amended, and all other counts of the complaint as amended, and supplemental complaint as amended, as to Bradley Institute on the ground that the rule which holds that a charitable corporation, is not liable in tort, is a direct violation of the provision of the Constitution of the United States, and the constitution and laws of the state of Illinois. On November 29, 1946, this motion was denied, and plaintiff elected to abide by her pleading, and the court entered an order that plaintiff take nothing by her suit against the Bradley Polytechnic Institute, and that said defendant go hence without day, and that the suit be dismissed as to them at plaintiff's costs. The plaintiff appealed directly to the Supreme Court, as she claimed a constitutional question is involved. The Supreme Court transferred the case to this court, as no constitutional question was properly raised by the pleadings.

A very large part of appellant's brief and argument is devoted to the constitutional questions that they claim are involved in this suit. The case of *Parks v. Northwestern University*, 218 Ill. 381, is the leading authority on the questions involved in this lawsuit; namely, is a charitable institution such as the Bradley

345

Polytechnic Institute liable for damages under circumstances as shown by the record in this case? The law in this case is clearly stated that they are not, and this court is bound by the decision in the *Parks* case. The *Parks* case was cited with approval and followed in the case of *Maretick v. South Chicago Community Hospital*, 297 Ill. App. 488; *Wattman v. St. Luke's Hospital Ass'n*, 314 Ill. App. 244; *Myers v. Y. M. C. A. of Quincy, Illinois*, 316 Ill. App. 177; *Piper v. Epstein*, 326 Ill. App. 400 and *Lenahen v. Ancilla Domini Sisters*, 331 Ill. App. 27. Under the rulings of these cases, it is clear that the trial court properly held that the defendant institute was not liable for damages in this case.

It is insisted by the appellant that the trial court erred in dismissing her complaint, because it is alleged that the college is fully insured against loss or damage by virtue of any judgment obtained against it, and in addition has other assets, which are not trust funds, to pay any judgment obtained by the plaintiff. This same question was presented in the case of *Piper v. Epstein, supra,* and the court in its opinion states: "No authorities holding in accordance with the argument of counsel in this behalf have been called to our attention; and it is our opinion that the theory that a charity, not otherwise subject to liability, may become liable by reason of the procurement by those administering it of indemnity insurance cannot be supported in principle." To the same effect is *Myers v. Y. M. C. A., supra.*

It is our conclusion that the trial court properly sustained the motion to dismiss the complaint as to the appellee, Bradley Polytechnic Institute, and the judgment appealed from is hereby affirmed.

*Judgment affirmed.*