*349
 
 *Foot, J.
 

 The corporation, of the city of New York possesses two kinds of powers, one governmental and public, and to the extent they are held and exercised, is clothed with sovereignty — the other private, and to the extent they are held and exercised, is a legal individual. The former are given and used for public purposes, the latter for private purposes. While in the exercise of the former; the corporation is a municipal government, and while in the exercise of the latter, is a corporate, legal individual. The distinction between these two classes of powers is obvious, and has been frequently recognised and established in our courts.
 
 (Wilson
 
 v.
 
 Mayor, &c., of New York,
 
 1 Denio 595;
 
 Bailey
 
 v.
 
 The same,
 
 3 Hill 531; s. c., opinion of Hand, Senator, 2 Denio 450;
 
 Rochester White Lead Co.
 
 v.
 
 City of Rochester,
 
 3 N. Y. 463.)
 
 [1]
 

 Although the difference between the two kinds of powers is plain and marked, yet, as they approximate each other, it is oftentimes difficult to ascertain the exact line of distinction. When that line is ascertained, it is not difficult to determine the rights of parties, for the rules of law are clear and explicit, which establish the rights, immunities and liabilities of *the appellants when in the exercise of each class of powers. All that can be done, probably, with safety, is, to determine, as each case arises, under which class it falls.
 

 The act which caused the injury, in the present case, was performed under the power and duty to clear the sewers of the city. Legislation, or in other words, the establishing of rules and regulations in respect to cleaning the sewers, or keeping them in a state of cleanliness,
 
 *350
 
 is
 
 one
 
 thing, and the
 
 act
 
 of cleaning them is
 
 another.
 
 The power and duty to perform the latter is clearly ministerial, and falls under the class of private powers; th6 principle of
 
 respondeat superior,
 
 consequently, applies, and the judgment must be affirmed.
 

 The counsel for the appellants in this case pressed with earnestness and ability upon the attention of the court, various considerations of policy and convenience, in favor of exempting the corporation from liability in all cases, in which it must necessarily employ agents to discharge the duties enjoined upon it by law. As a corporation can only act by agents, such a rule of action would exempt it from legal liability in every case, whatever might be the circumstances; the natural and certain consequence of which would be, innumerable applications to the common council for redress, .legislatively, and which would bring in their train an organized body of soliciting parties and agents, the allowance sometimes of extravagant and unjust claims, the rejection, at other times, of meritorious ones, in a word, all the evils attending a legislative body having control over large funds and exposed to the solicitations and devices of a corps of artful and unscrupulous claimants, and their hired or interested agents. Where the city now pays, in accordance with just legal principles, hundreds of dollars, it would probably then pay thousands, besides having in the halls of its local legislature scenes of a most forbidding character.
 

 Judgment affirmed.
 

 [1]
 

 If a sewer is properly constructed, and sufficient for ordinary purposes, the corporation is not liable for an overflow, occasioned by a heavy rain. Smith
 
 v.
 
 New York, 66 N. Y. 295; s. c. 4 Hun 637; Carr
 
 v.
 
 Northern Liberties, 35 Penn. St. 324. And see Lynch
 
 v.
 
 New York, 76 N. Y. 60; Grant
 
 v.
 
 Erie, 69 Penn. St. 420.