JAMES N. B. COBB, plaintiff in error, *vs.* THE MAYOR AND COUNCIL OF THE CITY OF DALTON, defendant in error.

The Mayor and Council of the city of Dalton have the same power, under the charter of the city, to assess a fine for neglect to work on the streets, which the law vested in the commissioners of roads of a county to impose for failure to work the public roads ; and under the second section of the act of December 15th, 1859, the city authorities had power to enforce the payment of such fine by imprisonment under the limitations in said act contained.

Municipal corporations.  Streets.  Roads.  Fines.  Before Judge McCUTCHEN.  Whitfield Superior Court.  April Term, 1874.

James N. B. Cook brought case against the Mayor and Council of the city of Dalton for $10,000 00 damages, alleged to have been sustained by him on account of the illegal arrest and imprisonment of his son, John V. Cobb, a minor.  The defendant pleaded the general issue, and justified upon the ground that the arrest of said minor was legal, it being for his failure to pay a fine properly imposed upon him.

The evidence is unnecessary to an understanding of the

decision.   The jury found for the defendant.   The plaintiff
moved for a new trial upon the following, among other
grounds:

1st.  Because the court erred in charging the jury as fol-
lows: " If the evidence shows that plaintiff's son, John, was
notified to work on the streets of the city of Dalton, and that
he refused or neglected so to do, and that after being sum-
moned to answer for such default he was fined by the mayor
and council therefor, and if a notice or rule *nisi* was served
upon him requiring him to show cause why he should not
be punished for his refusal or neglect to work or to pay the
fine imposed for that default, and if the evidence further
shows that the mayor and council, on the hearing of said
rule, whether John Cobb appeared as required by said rule
or not, committed him to the guard-house for his default
aforesaid, such imprisonment would not authorize the plain-
tiff to recover in this case."

2d.  Because the court erred in charging as follows: " The
mayor and council had jurisdiction to enforce obedience to
the by-laws of the city, and to enforce the payment of fines
imposed under authority of the charter and by-laws of the
city by imprisonment, and when such jurisdiction exists, a
judicial officer, in the absence of bad faith, would not be lia-
ble to damages for a judicial act on account of simple irregu-
larity alone.   If such bad faith were shown to exist, while
it would or might make the officer guilty of the bad faith
personally liable, would not make the corporation liable."

The motion was overruled, and the plaintiff excepted.

J. A. GLENN;  HANKS & BIVINGS, for plaintiff in error.

SHUMATE & WILLIAMSON;  C. E. BROYLES, for defendant.

TRIPPE, Judge.

Under the charter of the city of Dalton, the mayor and
council have the same power to assess a fine for neglect to
work on the streets, which the law vested in the commission-

ers of roads of a county to impose for failure to work the public roads of the county: See Cobb's Digest, 948, and Code, section 619, as to the power of the county authorities. The act of 1865 and 1866, which is contained in said section, grants power to the commissioners of a county to imprison default-ers. The second section of the act of December 15, 1859, pamphlet, page 151, confers the power on the mayor and council to enforce the payment of all fines imposed, by imprison-ment not exceeding thirty days. In this case, the party fined and imprisoned was a defaulter for not working the streets. He failed and refused to pay the fine. The penalty provided in the ordinance of the city was then imposed upon him to-wit: imprisonment. If there was irregularity in some of the proceedings, that did not create a liability on the part of the city for damages: See Dillon on Corporations, section 752, *et seq.;* 19 *Georgia*, 97; 20 *Ibid.*, 635 and 845.

Judgment affirmed.