## LEVY *v.* SALT LAKE CITY.

(*Supreme Court of Utah Territory—January, 1882.*)

1. MUNICIPAL CORPORATIONS—PUBLIC WORK—NEGLIGENCE—ACTION. Where a public work is authorized by law to be done by a municipal corporation, it must be executed in a reasonably proper and skillful manner. If done otherwise, and private rights are injured, an action sounding in damages will lie against the corporation.

2. IBID—NEGLIGENCE—WATERCOURSES—FLOODING CELLAR. A municipality assumed the control of the watercourses of the city and distributed them, and in so doing suffered the same so to accumulate that a private cellar was flooded and property therein injured: *Held*, that it was liable for the injury in an action for negligence.

Action in damages against the defendant, a municipal corporation organized under an act of the Legislature of Utah. The complaint alleged that the defendant had taken possession of the watercourses in the city, distributing the same, and that, in July, 1880, it turned on the waters and suffered the same to accumulate in the immediate vicinity of the plaintiff's cellar, and there to soak into the ground, and to discharge in said cellar, whereby certain tobacco, belonging to plaintiff, and stored in said cellar, was injured, to plaintiff's damage in $5,000. The allegations of

the complaint were denied by the answer. The defendant moved a nonsuit, which was granted. The plaintiff appealed.

Twiss, J., in delivering the opinion of the Court, said:

A municipal corporation is created by legislative act for the purpose of enabling its inhabitants to manage and control their local affairs; in other words, that they may have the right of local self-government within the limits of, and in accordance with, the provisions of its charter, which is its constitution,—the source of all its authority and powers,—creating and defining its duties. Mr. Dillon, in his work on Municipal Corporations, Sec. 89, says: " It is a general and undisputed proposition of law, that a municipal corporation possesses and can exercise the following powers, and no others: First, those granted in express words; second, those necessarily or fairly implied in, or incidental to, the powers expressly granted; third, those essential to the declared objects and purposes of the corporation, not simply convenient but indispensable." Where power to act is clearly given, the right of the city to act by its authorized officers or agents within the limits and scope of the granted power, cannot be judicially interferred with or questioned, except in cases of imputed fraud, or where within the province committed to its charge there is a manifest invasion of private rights. The power to act necessarily carries with it the right of determining the manner of acting and of executing the power; and if a city, by its common council or other authorized agents, in undertaking to carry out or execute a power granted by its charter, commits a wrongful act, causing a direct injury to the person or property of another outside of the limits of its public work, then in such case it becomes liable for such injury in a private action.

In *Perry* v. *Worcester*, 6 Gray, 544, Ch. J. Shaw says: " A public work authorized by law must be executed in a reasonably proper and skillful manner, with a just regard to the rights of private owners of estate. If done otherwise, the damage is not necessarily incident to the accomplishment of the public object, but to the improper and unskillful manner of doing it, such damage to private property is not warranted by the authority under color of which it is done, and is not justifiable, and a wrong, for the redress of which an action of tort will lie." This proposition of law, so clearly expressed by this learned and eminent

jurist, is so universally adopted and so abundantly sustained by authority, that a citation of cases would be useless.

The charter of the defendant empowers it "to distribute, control, and so regulate the waters flowing into the city throughout such channels as may be most advantageous, and to prevent the unnecessary waste of water." The fact that the defendant does not claim to own the waters is of no importance in the consideration of a claim for damages for a wrongful or negligent use of them. The waters of a stream running through a city do not belong to the corporation, but if it, in the performance of a public duty, builds a bridge over the stream in an improper and unskillful manner, or if, having built it in all respects in a proper and skillful manner, it ceases to have a just regard for the rights of private owners of adjacent estate, and becomes negligent in sustaining and keeping the same in good repair, and thereby private property is damaged, it cannot escape the just responsibility for its negligence. (*Perry* v. *Worcester*.) By the testimony produced on trial it appeared that the defendant, as a part of its general plan of irrigation, had constructed a water ditch near to one side of one of its streets; from this, which unquestionably is a public ditch or channel, flowed the water which irrigated the premises of the plaintiff and others, and filled the plaintiff's cellar and caused the damage complained of. This ditch belongs to the city; was under its sole and exclusive control; the expense of its construction was paid by the defendant. The city assumes the sole and exclusive control, management and distribution of the waters, provides for the appointment of a watermaster, and assigns to him the duty of " seeing to the proper location, construction and repair of all gates, dams, flumes, ditches and reservoirs, that water may not be wasted, streets or sidewalks overflowed, or obstructed, or private property damaged." This duty or power of managing and controlling the water of the city, granted by the charter, accompanied with ample power to raise the necessary means of carrying out the same, when so far executed that nothing remains to be done except to manage and control the waters in the channels or ditches constructed for them by the city, and to permit them to flow upon the grounds of the several persons who are entitled to the same during the hours and in accordance with the city ordinances or the regulations of the watermaster made in compliance therewith, is certainly not

judicial but ministerial, and the performance of this duty is accompanied with obligations requiring fidelity to the persons who, by the payment of their money to the city for the use of the water, have become entitled thereto; and a neglect to perform this duty with reasonable care and prudence, resulting in damages to such person, entitles him to an action for the damages sustained by him.    Dillon on Mun. Corp., Sec. 966, 980; *Merrifield* v. *Worcester*, 110 Mass., 216; *Lloyd* v. *New York*, 5 N. Y., 369; *Burton* v. *Syracuse*, 36 *Ib.*, 54; *Weed v. Ballston Spa*, 76 *Ib.*, 329; *Hines* v. *Lockport*, 50 *Ib.*, 236, 238; *Weightman* v. *Washington.*, 1 Black., 39.

The distinction between the liability of a municipal corporation made by the acceptance of its city charter, and the involuntary *quasi* corporations known as counties, towns, etc., must not be forgotten.    In *Moore* v. *Leicester*, 9 Mass., 247, it was held that a *quasi* corporation is not liable for the neglect of a corporate duty, unless such action be given by some statute.    In *Hannon* v. *St. Louis*, 62 Mo., 313, the Court, quoting from *Bigelow* v. *Randolph*, 14 Gray, 541, says: "This rule of law, however, is of limited application.    It is applied in cases of towns only, to the neglect or omission of a town to perform those duties which are imposed on all towns without their corporate assent, and not to the neglect of those obligations which a town incurs when a special duty is imposed on it with its consent, expressed or implied, or a special authority is conferred on it at its request.    In the latter case, a town is subject to the same liabilities for the neglect of those special duties to which private corporations would be if the same duties were imposed, or the same authority conferred on them, including their liability for the wrongful neglect, as well as for the wrongful act, of their officers and agents."    If this doctrine is correct, and it seems to be supported by abundant authority, then, although there is no statute expressly giving the action against the defendant city for the recovery of damages caused by the neglect of a corporate municipal duty, yet the liability of a city, invested with its corporate powers, involving the right of raising revenue by taxation and special assessments, and the expenditure of the revenue for general, and also for special and local purposes, is greater than that of counties or towns which are deemed to be auxiliaries of the State merely, and when corporations are of the very lowest grade, and invested

with the smallest amount of power. *Barnes* v. *District of Columbia*, 91 U. S., 540; *Askew* v. *Hall County*, 54 Ala., 639.

In *Barnes* v. *District of Columbia*, it is said: "It is denied that a municipal corporation (as distinguished from a corporation organized for private gain) is liable for the the injury to an individual arising from negligence in the construction of a work authorized by it. Some cases hold that the adoption of such a plan of such a work is a judical act, and if injury arises from the mere execution of that plan, no liability exists. (*Child* v. *Boston*, 4 Allen, 41; *Thayer* v. *Boston*, 19 Pick., 511.) Other cases hold that, for its negligent execution of a plan good in itself, or for mere negligence in the case of its streets, or other works, a municipal corporation cannot be charged. *Detroit* v. *Blackeby*, 21 Mich., 84, is of the latter class, where it was held that the city was not liable for an injury arising from its neglect to keep its sidewalks in repair. The authorities establishing the contrary doctrine, that a city is not responsible for its mere negligence, are so numerous and so well considered that the law must be deemed to be settled in accordance with them."

*Reversed and remanded.*