CATHARINE BURNETT, Appellant, *v.* THE MAYOR, ALDERMEN AND COMMONALTY OF THE CITY OF NEW YORK, Respondent.

*Real property — damages for injuries to, from the overflow of basins connected with a city sewer — when a question for the jury is presented.*

Where, in an action brought against the city of New York to recover damages for injuries resulting to certain premises from an overflow of water, it appears that a wooden drain fourteen inches by twenty-two inches, intended merely to carry off surface water, had connections for sewage between it and houses on both sides of the street for a distance of three blocks; that after a rain storm the cellars of the plaintiff's houses were filled with water and filth from an overflow of the receiving basin and catch basin with which the drain was connected, and that there had been a prior similar overflow into the plaintiff's premises, the court should submit to the jury the question whether the overflow upon the plaintiff's premises was caused by the improper construction or maintenance of the drain and basins, and a dismissal of the complaint is erroneous.

APPEAL by the plaintiff, Catharine Burnett, from a judgment of the Supreme Court in favor of the defendant, entered in the office of the clerk of the county of New York on the 11th day of March, 1898, upon the dismissal of the complaint by direction of the court after a trial at the New York Trial Term.

This appeal was transferred from the first department to the second department.

*John M. Perry,* for the appellant.

*Theodore Connoly* [ *William B. Crowell* with him on the brief], for the respondent.

GOODRICH, P. J.:

The plaintiff was the owner of two houses on the easterly side of Vanderbilt avenue, about one hundred and thirty-eight feet north of One Hundred and Seventy-seventh street, in the borough of Manhattan, and sues to recover for damages occasioned to her property by an overflow of water from the sewer in One Hundred and Seventy-seventh street, opposite the southerly side of the plaintiff's premises. There was a drain on the north side of One Hundred and Seventy-seventh street, extending for several blocks and con-

nected with a catch basin at a point about one hundred and twenty-five feet east of Vanderbilt avenue and with a receiving basin on the northeasterly corner of Vanderbilt avenue and One Hundred and Seventy-seventh street. This drain was of wood and about fourteen by twenty-two inches in size. It was one and one-half to two feet below the surface, and emptied into a sewer which ran down Vanderbilt avenue to One Hundred and Seventy-sixth street. There was evidence tending to show that although the drain was intended merely to carry off surface water there were connections for sewage between it and houses on both sides of One Hundred and Seventy-seventh street, between Vanderbilt avenue and Third avenue, the latter being three blocks distant, and that on September 18, 1894, after a rain storm, the cellars of the plaintiff's houses were filled with water, water closet filth and refuse, all of which resulted from an overflow of the receiving basin and the catch basin. There had been a similar overflow into the plaintiff's premises in 1889.

At the close of the evidence on both sides the court dismissed the complaint upon the ground that the plaintiff had failed to prove a cause of action against the defendant, and from the judgment entered thereon the plaintiff appeals.

In *Quill* v. *The Mayor, etc.* (*post,* p. 476), Mr. Justice CULLEN writing, it was held that where a duty imposed upon a municipality arises from the grant of a special power to be exercised for the benefit of its inhabitants the municipality is liable for the torts of its officers and servants, and that a failure to keep sewers within its territory safe falls within this category. (Citing *Lloyd* v. *The Mayor*, 5 N. Y. 369. See, also, *Seifert* v. *The City of Brooklyn*, 101 id. 136.)

Under these decisions we are constrained to hold that the evidence required the court to submit to the jury the question whether the overflow upon the plaintiff's premises was caused by an improper construction or maintenance of the drain and basins.

The judgment must be reversed and a new trial granted.

All concurred.

Judgment reversed and new trial granted, costs to abide the event.