B. F. JOHNSTON, Appellee, *vs.* THE CITY OF CHICAGO, Appellant.

*Opinion filed April 19, 1913—Rehearing denied June 5, 1913.*

1. MUNICIPAL CORPORATIONS—*library board is part of the city government.* Under the statute authorizing the establishing and maintenance of a public library and reading room the public library board is part of the city government.

2. SAME—*city is liable for negligence of its employees in exercising ministerial duties.* Where a municipal corporation is acting within its authority, in a ministerial capacity, in the management of its property, it is liable for the negligent acts of its employees even though the work in which they are engaged will inure to the benefit of the municipality.

3. SAME—*when a city is not liable for negligence of its officers.* Where a city is exercising judicial, discretionary or legislative authority conferred by its charter, or is discharging a duty imposed solely for the benefit of the public, it incurs no liability for the negligence of its officers.

4. SAME—*city not liable for negligence of servants acting under police power.* A city is not liable for the negligent acts of employees who are acting under the police power granted to the city or who are endeavoring to carry out the regulations of the city for the public health and the care of the sick and destitute.

5. SAME—*when city is liable for negligence of driver of automobile.* A city is liable for the negligence of a driver of an automobile who was hired by the secretary of the public library board, and who at the time of the accident was driving an automobile owned by the public library, conveying books from one library building to another along the streets of the city.

APPEAL from the Appellate Court for the First District;—heard in that court on writ of error to the Municipal Court of Chicago; the Hon. McKENZIE CLELAND, Judge, presiding.

WILLIAM H. SEXTON, Corporation Counsel, (A. L. GETTYS, and WILLIAM DILLON, of counsel,) for appellant.

CHARLES HUDSON, for appellee.

Mr. JUSTICE CARTER delivered the opinion of the court:

The Chicago Public Library owned and used in the delivery of its books from the main library to the sub-stations in said city an automobile, which through the negligence of its driver, hired by the secretary of said library, collided with and damaged appellee's automobile on the public streets of Chicago. On a trial in the lower court, a jury being waived, there was a finding in favor of appellee for $109.65 damages. On appeal to the Appellate Court that judgment was affirmed. A certificate of importance being granted, the case has been brought here.

The negligence of the driver of the library's automobile is conceded. The sole question presented by the record is whether appellant, the city of Chicago, is liable for damages caused by such negligence. Section 1 of the Library act of 1872 (Hurd's Stat. 1911, p. 1460,) provides that the city council of each incorporated city, whether organized under the general law or a special charter, shall have power to establish and maintain a public library and reading room for the use and benefit of the inhabitants of such city and to levy a tax therefor. Some suggestion is made in the briefs that if there is any liability it is against the Chicago Public Library and not against the city of Chicago, although there is no assignment of error specifically raising that question. The only point argued is, that there is no liability either against the city of Chicago or the Chicago Public Library. While the question as to whether the suit is properly brought against the city of Chicago or the library is not directly raised, we will say, in passing, that we think that if there be any liability it is against the city of Chicago. When it is sought to render a municipal corporation liable for the acts of servants or agents, the first inquiry is whether they are the servants or agents of the corporation. "If the corporation appoints or elects them, can control them in the discharge of their duties, continue or remove them, can hold them responsible for the manner in which they discharge their trust, and if those duties relate to the discharge of corporate powers," they may be justly regarded as its agents or servants. (4 Dillon on Mun. Corp.— 5th ed.—sec. 1655, and note.) Under the statute authorizing the establishing and maintenance of a public library and reading room the directors of said library were appointed, and may be removed for cause, by the mayor, with the approval of the city council. Reading the entire statute together, we think its whole scope and intent is that the library board is but a part and parcel of the city government. As was said by this court in *Board of Water Comrs.*

v. *People,* 137 Ill. 660, on page 667: "Without the active co-operation of the city council it would have been wholly unable to effect the objects of its creation." And it was there held that the board of water commissioners of the city of Springfield was merely a branch or agency of the municipal government.

Counsel for appellant insist that the city of Chicago, in establishing and carrying on a public library, is simply exercising a public or governmental function as distinguished from a strictly municipal function, and therefore it is not liable for the negligent acts of its employees. (1 Beach on Public Corp. sec. 261*e.*) The authorities have found it practically impossible to state any rule sufficiently exact to be of much practical value, "which will precisely embrace torts for which a civil action will lie, in the absence of a statute declaring the liability against a municipal corporation." (4 Dillon on Mun. Corp.—5th ed.—sec. 1625; 1 Beach on Public Corp. sec. 263.) Indeed, it has been said more than once that all that can be done with safety is to determine each case as it arises. (*Lloyd* v. *New York,* 5 N. Y. 369; *Cobb* v. *Dalton,* 53 Ga. 426.) It is frequently stated that to determine whether there is municipal responsibility the inquiry must be whether the particular agents or servants for whose acts of negligence it is sought to hold the corporation are its agents and servants for the performance of a public duty imposed by law, or merely for the carrying out of private functions which are for its special benefit or advantage. 28 Cyc. 1269, and cases cited; 20 Am. & Eng. Ency. of Law, (2d ed.) 1203; Williams on Mun. Liability for Torts, sec. 11.

In considering the question of liability the authorities usually hold that it must be considered that a municipality acts in a dual capacity,—first, in exercising its governmental functions; and second, as a private corporation, enjoying powers and privileges conferred for its own benefit. When such municipal corporation is acting within its authority,

258 - 32

in a ministerial character, in the management of its property, it is liable for the negligent acts of its employees although the work in which they are engaged will inure to the benefit of the municipality. On the other hand, whether the municipality is exercising judicial, discretionary or legislative authority conferred by its charter, or is discharging a duty imposed solely for the benefit of the public, it incurs no liability for the negligence of its officers. (2 Cooley on Torts,—3d ed.—1014; *City of Chicago* v. *Seben,* 165 Ill. 371; 20 Am. & Eng. Ency. of Law,—2d ed.—1197; Tiedeman on Mun. Corp. secs. 338, 349.) The mere fact that a particular work may incidentally benefit the public does not necessarily exempt the city for torts committed by its employees. (20 Am. & Eng. Ency. of Law,—2d ed.— 1196.) Official action is judicial where it is the result of judgment or discretion. It is ministerial when it is absolute, certain and imperative, involving merely the execution of a set task, and when the law which imposes it prescribes and defines the time, mode and occasion of its performance with such certainty that nothing remains for judgment or discretion. A municipal corporation acts judicially or exercises discretion when it selects and adopts a plan in the making of public improvements, but as soon as it begins to carry out that plan it acts ministerially and is bound to see that the work is done in a reasonably safe and skillful manner. *City of Chicago* v. *Seben, supra;* 4 Dillon on Mun. Corp. (5th ed.) sec. 1741.

A purely charitable corporation is by the weight of authority held not liable for the torts or neglect of its servants in the performance of their duties in carrying on the work of such corporation. Neither is a city liable for the acts of its employees who are acting under the police power granted to such corporation. (2 Cooley on Torts,—3d ed.— 1011; *Culver* v. *City of Streator,* 130 Ill. 238; *Parks* v. *Northwestern University,* 218 id. 381; *City of Chicago* v.

*Williams,* 182 id. 135; *Evans* v. *City of Kankakee,* 231 id. 223.) So, also, a municipal corporation is not responsible for the negligent acts of its employees who are endeavoring to carry out the regulations of said municipality for the public health and for the care of the sick and destitute. 4 Dillon on Mun. Corp. (5th ed.) sec. 1661; *Tollefson* v. *City of Ottawa,* 228 Ill. 134.

It is often stated that the "ground of distinction between corporations which are liable for the negligent or wrongful act of their agents or servants and those which are not, is, that public involuntary *quasi* corporations are mere political or civil divisions of the State, created by general laws to aid in the general administration of the government, and are not so liable, while those which are liable have privileges conferred upon them at their request which are a consideration for the duties imposed upon them." (*Bradbury* v. *Vandalia Drainage District,* 236 Ill. 36.) Cities, whether organized under general law or special charters, in this State are regarded as corporations created for their own benefit, while the inhabitants invested by statute, *in invitum,* with particular powers are made corporations without their consent. (*Town of Waltham* v. *Kemper,* 55 Ill. 346; Tiedeman on Mun. Corp. sec. 325; 4 Dillon on Mun. Corp.—5th ed.—sec. 1638.) Under this line of authorities this court, in *Kinnare* v. *City of Chicago,* 171 Ill. 332, held that the board of education of the city of Chicago was a *quasi* corporation created by general law to aid in the administration of the city government, these duties being purely of a governmental character, being thrust upon it without its consent by the legislature, and that therefore the board of education was not liable for the negligence of its employees. It is also intimated in the same decision that if these same duties were thrust upon the municipality itself it would not be liable.

The organization of this public library is for the exclusive benefit of the territory of the city of Chicago and not

for the State at large. It has been organized by the people
of that city, through their proper representatives, volun-
tarily, and the duties to be performed have not been thrust
upon the people of said city *nolens volens.* Even a munici-
pality, usually considered a *quasi* corporation, when volun-
tarily organized has been held by this court responsible for
certain negligent acts of its employees. (*Bradbury* v. *Van-
dalia Drainage District, supra;* 20 Am. & Eng. Ency. of
Law,—2d ed.—1196.) When a city under no obligation
to light its streets voluntarily undertakes to do so, it has
been held liable for negligence in the management of its
corporate property when used for such purpose. (*Dickin-
son* v. *Boston,* 188 Mass. 595.) The doctrine of this court
has always been, that while the legal obligation to pave
streets is one voluntarily assumed by the municipal authori-
ties, yet when the city constructs these improvements for
the benefit of the public it then becomes its duty to keep
them in repair. (*City of Chicago* v. *Seben, supra.*) Leg-
islative authority usually relieves municipal corporations
making public improvements only from responsibility for
the necessary and usual results of a proper exercise of the
powers conferred upon them. Such results do not include
such negligent performance of the work as exposes travel-
ers upon the public streets to unusual dangers. (*City of
North Vernon* v. *Voegler,* 103 Ind. 314; *City of Chicago*
v. *Seben, supra.*) So a city has been held liable for the
negligent acts of its employee in operating a bridge. *Gath-
man* v. *City of Chicago,* 236 Ill. 9; *Lehigh Valley Trans-
portation Co.* v. *City of Chicago,* 237 id. 581.

At common law a private action did not ordinarily lie
against a public corporation for the negligent performance
of any public duty which was imposed upon it by statute
without its request, unless such corporation received, or
was entitled to receive, some privilege or profit in consid-
eration for the duty. It was also well settled at common

law that a municipal corporation was not liable to an individual for neglect to keep a highway in repair, where he suffered an injury in using it. (2 Cooley on Torts,— 3d ed.—1310.) In most jurisdictions in this country, however, a municipality is liable for failure to keep its streets in safe condition for public use. (Tiedeman on Mun. Corp. sec. 342; 4 Dillon on Mun. Corp.—5th ed.—sec. 1665.) This is the rule, as we have seen, in this State.

The operation of an automobile by city employees in the class of work shown here, on principle is very like the proper exercise of the city's powers in caring for and keeping the streets in repair. We find no decisions directly in point on the question of the liability of a municipal corporation for the negligent operation of any vehicle, whether horseless or otherwise, on the public highways under such circumstances. The conveyance of books from one library building to another, by means of an automobile, along the public highways by employees of the city is plainly a ministerial duty. For that reason, if for no other, we hold the city liable in this case.

What is here said is not intended to apply to the negligent acts of municipal employees in exercising the police power of the State or municipality on the public streets.

In view of the conclusion we have reached we do not find it necessary to consider or decide the question raised in the briefs as to whether the Chicago Public Library, in performing any of its duties, is a public charity, as that term is used in the law, and whether for certain acts of said library's employees the city might not be liable.

The judgment of the Appellate Court will be affirmed.

*Judgment affirmed.*