(No. 1551— )

Anna Pelka, Administratrix of the Estate of Andy Pelka, Deceased, Claimant, *vs.* State of Illinois, Respondent.

*Opinion filed March 12, 1930.*

G. A. Hickman and Carl Choisser, for claimant.

Oscar E. Carlstrom, Attorney General; Roy D. Johnson, Assistant Attorney General, for respondent.

Mr. Justice Thomas delivered the opinion of the court:

Anna Pelka as administratrix of the estate of Andy Pelka, deceased, asks an award against the State of $5,000.00 for the death of claimant's intestate.

It is charged in the declaration that Andy Pelka was an inmate of the Anna State Hospital, an institution maintained by the State for the purpose of treating patients for mental diseases; that the officials of the hospital, on January 18, 1929, negligently and carelessly placed Pelka in a room with one Jesse Windland, another inmate of the hospital, well known to be a desperate and dangerous man accustomed to attack other patients; and that Windland did then attack Pelka and beat and strangle him, thereby then and there causing his death.

The Anna State Hospital is one of the charitable institutions of the State maintained and conducted for the sole benefit of citizens of the State suffering from mental diseases. The institution is maintained and supported by funds derived solely from general taxes. In maintaining this and other like institutions the State is exercising a governmental function and rendering a gratuitous service to its unfortunate citizens which the public policy of the State has declared to be necessary for the general welfare. In the conduct of such institutions neither the State nor any of its agencies are liable to respond in damages for the negligent acts of any of its servants. (*Parks* v. *Northwestern University*, 218 Ill. 381; *Burghardt* v. *State*, 5 Ct. Cl. 221). If the purpose of the institution be charitable, if it is maintained solely for the bene-

fit of the public, the agency maintaining and conducting it incurs no liability for the negligence of its officers, servants or employees, whether that agency be the State, a city, county or private corporation. (*Tollefson* v. *City of Ottawa*, 228 Ill. 134; *Johnston* v. *City of Chicago*, 258 Ill. 494; *Hogan* v. *Chicago Lying-In Hospital*, 335 Ill. 42). The rule exempting such institutions from liability for the negligence of employees is stated in 13 R. C. L., at page 944, in the following language: ''Strictly public institutions created, owned, and controlled by the state or its subdivisions, such as state asylums for the insane, city hospitals, reformatories, etc., are not liable for the negligence of their agents. The doctrine of *re spondeat superior* does not apply. They are held to be governmental agencies brought into being to aid in the performance of the public duty of protecting society from the individual unfortunate or incompetent in mind, body, or morals, and the rules applicable to municipal corporations and public officers generally are applied.'' The author cites many cases in support of the rule, and it is in accord with the holdings of our own Supreme Court. The General Assembly has enacted no statute changing this rule of the common law, and in the absence of such a statute this court has no power to make awards for claims of this character.

The claims is therefore denied and the case dismissed.