GLADYS L. ANDERSON, ADM'X *vs.* CITY OF PORTLAND.

Cumberland.     Opinion April 28, 1931.

*Howard Davies*, for plaintiff.
*Harry C. Wilbur*, for defendant.

SITTING: PATTANGALL, C. J., DUNN, STURGIS, BARNES, FARRING-
TON, THAXTER, JJ.

DUNN, J.   Defendant filed a general demurrer to the declara-
tion in the writ, which had but a single count. The presiding Justice
overruled the demurrer, and defendant saved the point. If, with
reference to material allegations, the declaration be good in part,
though bad as to a part divisible from the rest, the demurrer being
to the whole declaration, and not to faulty part only, that part
does not vitiate the pleading.

The action is on the case by the administratrix of the estate of
an intestate decedent, in his lifetime a resident of the town of Cape
Elizabeth, against the City of Portland, for damages claimed to
have been sustained by the intestate, by reason of his injury
through the negligence of the defendant, in wrongfully refusing to
keep him any longer, as a private patient for remuneration, in the
isolation hospital in that city, and in improperly removing him
from the hospital to his home, when he was ill and enfeebled.

It is alleged, in substance, that on January 20, 1929, and before
that day and afterward, the municipal corporation of Portland
owned and maintained, chiefly as an activity for the public benefit,
a hospital wherein it put and cared for persons afflicted with con-
tagious diseases. Incidentally, is allegation, the defendant city
there received and treated sick persons as private patients for
reward or gain.

On the aforesaid twentieth day of January, the declaration con-
tinues, the now deceased intestate, who was then in another hos-
pital in Portland, was found to be contagiously diseased, the diag-
nosis of his affliction being that of scarlet fever, upon which, by in-
vitation of the defendant, intestate was taken to the isolation
hospital. There, for remuneration, it is declared, defendant cared
for him, as a private patient.

On January 22, 1929, in actionable negligence, is the essence of
allegation, defendant refused longer to treat the intestate in the
hospital, and sent him, in an ambulance, to his home. As a result,

the declaration reads, of the exposure and exertion proximately attributable to breach of duty on the part of the defendant, to which intestate was subjected, he suffered pain and incurred expense until he died. His death occurred February 5, 1929.

The case presents the perspective of the distinction between the governmental functions of a municipal corporation and its business or proprietary power. For torts in connection with the former, the municipality is not liable. In respect to the latter, being governed by the same rules as individuals or private corporations, there may be municipal liability.

The liability of cities and towns for the negligence of their officers and agents depends upon which of their two·classes of powers, that of sovereignty or merely corporate, is being exercised when the damage complained of is done. The exact line of demarcation between the powers is oftentimes difficult to ascertain. *Lloyd* v. *New York*, 5 N. Y., 369, 55 Am. Dec., 347.

What, on trial of this case, the proof might show, or the recovery be, is not now of concern, sole inquiry being as to whether the declaration is good as against demurrer.

Scarlet fever is a disease dangerous to the public health. R. S., Chap. 22, Sec. 55. Municipalities may establish hospitals for the treatment of such diseases. R. S., Chap. 22, Sec.. 102. The quarantined person, if of sufficient pecuniary ability, shall reimburse reasonable expenditures, not apportioned to the protection of the public health; otherwise, this shall be done by the town to which he belongs, but not as a pauper charge. R. S., Chap. 22, Sec. 78; *Ellsworth* v. *Bar Harbor*, 122 Me., 356.

Portland, it is averred, maintained, principally as an agency of government, an isolation hospital.

A municipality maintaining a hospital of that kind, only for the public welfare, is not liable to a private action for neglect to perform, or the negligent performance of, duties legislatively imposed on it, unless right of action has been given by statute. *Libby* v. *Portland*, 105 Me., 370.

But the declaration sets out, in effect, in the particular instance, the defendant city was not discharging duties partaking of the nature of a governmental power. On the other hand, assertion is, that realm was left, and one entered, albeit casually, in which the

rules which regulate the responsibility of business corporations are applicable.

Herein lies the test. *Libby* v. *Portland*, supra. When public use descends to private profit, even incidentally, liability attaches. *Larrabee* v. *Peabody*, 128 Mass., 561 ; *Libby* v. *Portland*, supra.

The declaration states a cause of action. The exception must be overruled.

*Exception overruled.*