508

(No. 2553—)

J. E. BANGS, Claimant, vs. STATE OF ILLINOIS, Respondent.

*Opinion filed April 9, 1935.*
*Rehearing denied September 11,' 1935.*

GEORGE C. DIXON, for claimant.

OTTO KERNER, Attorney General; JOHN KASSERMAN, Assistant Attorney General, for respondent.

MR. JUSTICE YANTIS delivered the opinion of the court:

Plaintiff seeks an award for the loss of a watch, fountain pen and various articles of clothing of the alleged value of $139.70, that are claimed, on information and belief, to have been stolen by escaped inmates of the Dixon State Hospital.

The claim is based upon the fact that the State of Illinois was on the day in question, i. e., February 14, 1934, operating a State colony for the care and treatment of those suffering from epilepsy, etc.; that such institution is under the direction of the Department of Public Welfare of the State of Illinois; that on the said day several inmates or patients escaped from the institution and that a theft of the chattels in question occurred from the premises of plaintiff, at the hands of some persons unknown to petitioner.

The Attorney General has filed a motion to dismiss said claim and contends that, even though the complaint alleged and the facts proved that the theft in question was perpetrated by inmates of said institution who had escaped therefrom, there would still be no basis upon which this court could legally grant an award against the State.

The Dixon State Colony or Hospital, is one of the State charitable institutions, and in maintaining it, the State is exercising its governmental functions. It has been held repeatedly that in the conduct of its charitable and penal institutions, neither the State nor any of its agencies are liable for damages caused by the acts of those in charge of or employed in such institutions, even though such employees may have been guilty of negligence in the manner complained of. The

institution is maintained solely for the benefit of the public and the agency maintaining it incurs no liability for the negligence of its officers, servants or employees.

*Johnston* vs. *City of Chicago*, 258 Ill. 494;

*Pelka* vs. *State*, 6 C. of C. 390.

Counsel for plaintiff has argued that the theft in question occurred because of the negligence of the State employees to sufficiently guard and restrain the activities of the inmates of the Dixon Colony; that as a result of insufficient enclosures and control, the inmates escaped and the thefts occurred. If counsel's theory were approved, the State would be responsible for every theft or crime committed by an inmate of any institution who escaped therefrom. There is no provision of law upon which this court could base such award and the decisions, as above suggested, are contrary thereto.

The motion by respondent to dismiss the complaint is allowed. Case dismissed.