Paul **FITZPATRICK, Jr.**

v.

**GREATER PORTLAND PUBLIC DEVELOPMENT COMMISSION.**

Supreme Judicial Court of Maine.

Argued June 12, 1985.

Decided July 11, 1985.

Smith & Elliott, P.A., Dana E. Prescott (orally), Saco, for plaintiff.

Richardson, Tyler & Troubh, Elizabeth G. Stouder (orally), Thomas E. Getchell, Portland, for defendant.

Before McKUSICK, C.J., and NICHOLS, ROBERTS, WATHEN, GLASSMAN and SCOLNIK, JJ.

SCOLNIK, Justice.

The Superior Court, York County, granted summary judgment to the Defendant, Greater Portland Public Development Commission, on the ground that this personal injury suit is barred by the statute of limitations of the Maine Tort Claims Act, 14 M.R.S.A. § 8110 (1980). On appeal, the Plaintiff, Paul Fitzpatrick, Jr., argues that the acts creating the Commission as a state agency, and therefore making the Tort Claims Act applicable, were unconstitutional exercises of "private" legislation under Article IV, Pt. Third, Sections 13 and 14 of the Maine Constitution, and also violated the equal protection and due process clauses of the state and federal constitutions. We affirm the judgment.

## I.

At the end of World War II the United States government acted to "aid the reconversion from a war to a peace economy through the distribution of Government surplus property" to federal agencies and State "political subdivisions and instrumentalities." Surplus Property Act of 1944, Oct. 3, 1944, P.L.No. 457, 58 Stat. 765 *et seq.* Government instrumentalities received preference in distribution over pri-

vate parties, *id.* §§ 12(a), 13(f), so the Maine Legislature established the Commission to "acquire, manage, operate or lease any business, facility, structure, building ... owned by the federal government ... which may hereafter become surplus property." P. & S.L.1945, c. 123, §§ 1, 2. The Commission's income must be devoted exclusively to its operations, *id.* § 5, and, by P. & S.L.1979, c. 27, any surplus after liquidation will be paid to the State.

■ In 1947 the Legislature amended P. & S.L.1945, c. 123, also by Private and Special Legislation, by adding the following as Section 7: "Corporation a state agency. The said corporation is declared to be an instrumentality and agency of the state for the purpose for which it was established and for which it has been managed and maintained under the provisions of this chapter." P. & S.L.1947, c. 97. The parties have not cited to us any indication of the legislative purpose behind this amendment. It is likely that the Legislature sought to make doubly clear that the Commission, created in P. & S.L.1945, c. 123 as a "body corporate and politic," was a State "instrumentality" qualified for priority under Section 13(f) of the federal Surplus Property Act. As a State instrumentality the Commission is covered by the provisions of the Maine Tort Claims Act, 14 M.R.S.A. § 8102(4), in particular the two-year statute of limitations in 14 M.R.S.A. § 8110.

The Plaintiff was injured while working on premises that his employer had leased from the Commission. The injury occurred on November 24, 1981, but he did not file his complaint until February 7, 1984, more than two years later. In response to the Commission's motion for summary judgment on that basis, Fitzpatrick attacked the constitutionality of the Commission's creation, and of the 1947 amendment making clear its "state agency" status. The Superior Court held that the purposes for which the Commission was created were properly addressed by private legislation, and were rationally related to the means chosen.

## II.

Article IV, Part Third of the Maine Constitution is the grant of the legislative power of the State. It was amended in 1876 to add sections 13 and 14 that read,

13. The Legislature shall, from time to time, provide, as far as practicable, by general laws, for all matters usually appertaining to special or private legislation.

14. Corporations shall be formed under general laws and shall not be created by special acts of the Legislature, except for municipal purposes, and in cases where the objects of the corporation cannot otherwise be attained; and, however formed, they shall forever be subject to the general laws of the State.

Fitzpatrick contends that P. & S.L.1945, c. 123, creating the Commission, violated Section 14, and that P. & S.L.1947, c. 97, affirming its "state agency" status, violated section 13.

■ His argument depends entirely on the proposition that the Commission was originally an ordinary corporation upon which the Legislature has conferred a special privilege, *viz.,* the limited sovereign immunity of the Tort Claims Act, thus singling out the victims of the Commission's negligence for harsher treatment than they would otherwise receive. He concedes, however, that the State has the power to create a state agency to "exercise powers and perform activities similar to those" performed by the Commission. Whether or not it had done so before, the Legislature, by enacting P. & S.L.1947, c. 97, clearly affirmed that the Commission was such an agency. If that step was constitutionally taken it is of no consequence how the Commission was originally created or what status it had before 1947.

■ The case law under Section 13 has largely concerned "special legislation attempting to exempt one individual from generally applicable requirements of the law." *Brann v. State,* 424 A.2d 699, 704

**794**

(Me.1981); *e.g., Nadeau v. State,* 395 A.2d 107 (Me.1978); *Look v. State,* 267 A.2d 907 (Me.1970); *Maine Pharmaceutical Ass'n v. Board of Commissioners,* 245 A.2d 271 (Me.1968). It is not, however, another equal protection clause. "Unlike the equal protection clause, the special legislation clause does not call for inquiry into the rights or the existence of similarly situated persons." *Brann v. State,* 424 A.2d at 704. Where the special legislation "serves a legitimate objective, the appropriate question under section 13 is whether that particular objective could have been more fully attained through general legislation." *Id.* "The standard [of validity] provided by the Constitution is that general legislation must be used 'as far as practicable.' It is appropriate for the legislature rather than the court to make the policy decision regarding what is practicable in a given situation." *Id.*

■ Section 13 was added to stem the enactment of "special laws for private benefit." Inaugural Address of Governor Connor to the 55th Legislature, 1876 Me.Acts at 165. The principal objections of the drafters to the use of special, rather than general, legislation were its susceptibility to "privilege, favoritism, and monopoly ... [and its tendency to] distract the attentions of legislators from matters of public interest." *Id.*

■ Fitzgerald has made no suggestion, nor could he, that the Commission was formed "for private benefit," or that its creation distracted the Legislature "from matters of public interest." It was originally created for the purpose of taking advantage of the disposition of federal property for the benefit of the Greater Portland area and, indeed, the whole State. The parties have not informed us whether the Commission now acquires properties other than federal surplus, but its profits must be employed in its operations, and upon liquidation of the Commission, all assets remaining will revert to the State and not be distributed to individual investors. In these circumstances, our deference to

the Legislature's choice of means to implement its "legitimate objectives," *see Brann v. State,* 424 A.2d at 704, is both appropriate and dispositive of the issue under Art. IV, Pt.3d, § 13.

Since P. & S.L.1947, c. 97 did not violate the Maine Constitution in confirming the Commission's status as a "state agency," Fitzpatrick takes nothing by his argument that P. & S.L.1945, c. 123, unconstitutionally created the Commission in the first place. We therefore need not consider it.

■ The Superior Court correctly rejected Fitzpatrick's final argument, that P. & S.L.1947, c. 97, violated the equal protection and due process clauses of the Maine and federal constitutions. He contends that, in making the Commission a state agency, the Legislature both placed a greater burden upon him than upon persons injured by the negligence of other corporations and arbitrarily deprived him of a remedy for his injury. For this argument to prevail, Fitzpatrick would have to show that the legislative action was not rationally related to a legitimate governmental purpose. *Brann v. State,* 424 A.2d at 703. The Superior Court correctly held that he did not make such a showing. *See Langevin v. City of Biddeford,* 481 A.2d 495, 497–98 (Me.1984); *Faucher v. City of Auburn,* 465 A.2d 1120, 1125 (Me.1983).

Judgment affirmed.

All concurring.