**KASU CORPORATION**

v.

**BLAKE, HALL & SPRAGUE, INC.**

Supreme Judicial Court of Maine.

Argued March 16, 1988.
Decided April 21, 1988.

---

Grover Alexander (orally), Gray, for plaintiff.

Geoffrey Cummings (orally), Preti, Flaherty, Beliveau & Pachios, Portland, for defendant.

Before McKUSICK, C.J., and NICHOLS, WATHEN, GLASSMAN, SCOLNIK, and CLIFFORD, JJ.

GLASSMAN, Justice.

The plaintiff, Kasu Corporation (Kasu), appeals from a judgment of the Superior Court, Cumberland County, granting the motion of the defendant, Blake, Hall & Sprague, Inc. (Blake, Hall), to dismiss Kasu's complaint in accordance with M.R. Civ.P. 12(b)(6) for failure to state a claim upon which relief can be granted because barred by the six-year statute of limitations imposed by 14 M.R.S.A. § 752 (1980). Because we agree with Kasu's contention that the trial court abused its discretion by refusing to enlarge the time for Kasu to present facts in opposition to Blake, Hall's motion to dismiss and vacate the judgment, we find it unnecessary to address Kasu's other contentions.

In response to Kasu's complaint seeking damages for Blake, Hall's alleged negligence and breach of contract, Blake, Hall asserted the statute of limitations as an affirmative defense in its answer. Blake, Hall then filed a motion to dismiss Kasu's complaint pursuant to M.R.Civ.P. 12(b)(6) on the ground of this affirmative defense. In response to the motion to dismiss, Kasu moved for an enlargement of time claiming that it needed "additional time to establish facts which will bear substantially on the issue of the Statute of Limitations." After a hearing on Blake, Hall's motion, the court dismissed Kasu's complaint on the ground that it was barred by the six-year statute of limitations, and Kasu appeals.

Blake, Hall, having properly raised the statute of limitations as an affirmative defense (M.R.Civ.P. 8(c)), had the burden of proving this defense. *See* 1 Field, McKusick & Wroth, *Maine Civil Practice* § 8.7 at 199 (2d ed. 1970) ("It is plainly intended that under the rules the burden of proving any one of the affirmative defenses listed under Rule 8(c) is upon the party required to plead it."). Under M.R.Civ.P. 12, the affirmative defense of the statute of limitations may be raised by a motion to dismiss if facts giving rise to this defense appear on the face of the summons and complaint. However, because it is not necessary that a plaintiff anticipate this affirmative defense, there may be facts tolling the statute that do not appear in a complaint. Accordingly, if no responsive pleading has been filed by a defendant prior to its motion to dismiss, a plaintiff may as of right amend his complaint after the motion to dismiss is served. 1 Field, McKusick & Wroth, *Maine Civil Practice* § 12.12 at 250. When amendment as a matter of course may no longer be made, absent undue prejudice to the opponent, leave to amend should be freely granted by the court. *Id.* §§ 15.2–15.4 at 302–04. If a plaintiff wishes to litigate the question of tolling, he may seek to proceed as on a motion for summary judgment under Rule 56 by filing affidavits as to pertinent facts. *Id.* §§ 12.12, 12.13 at 250–52.

In the instant case the hearing before the trial court proceeded in the posture of a 12(b)(6) motion to dismiss Kasu's complaint. At the hearing, Kasu argued, *inter alia*, that at that time it did not know if there had been fraudulent concealment by Blake, Hall and that it needed additional discovery time to explore the inconsistencies in Blake, Hall's representations to Kasu. Without specifically addressing Kasu's written and oral motion for an enlargement of time to pursue discovery to establish facts that would toll the statute of limitations, the trial court granted

Blake, Hall's motion based on Kasu's complaint.[1]

Blake, Hall does not argue that it would be prejudiced if Kasu were afforded additional discovery time within which to secure necessary information, if available, to effect an amendment to its complaint or to file affidavits, setting forth pertinent facts sufficient to toll the statute of limitations. Indeed, the record reflects that although the hearing on Blake, Hall's motion was held on July 27, 1987, the order placing this case on the expedited pretrial list provided November 1, 1987 as the date for completion of discovery. We conclude that it was an abuse of discretion for the trial court to deny Kasu a reasonable period of time within which to secure, through discovery or other means, pertinent facts, if available, to toll the statute of limitations and avoid the dismissal of its complaint. *See, e.g., Barkley v. Good Will Home Ass'n,* 495 A.2d 1238, 1240 (Me.1985).[2]

The entry is:

Judgment vacated. Remanded to the Superior Court for proceedings consistent with the opinion herein.

All concurring.

---

1. "A dismissal under Rule 12(b)(6) is technically an adjudication on the merits under Rule 41(b)(3)." 1 Field, McKusick & Wroth, *Maine Civil Practice* § 12.11 at 119 (2d ed. Supp.1981).

2. We note that M.R.Civ.P. 11 requires attorneys to authenticate the allegations included in a pleading by providing that by signing a pleading, an attorney certifies that "to the best of the signer's knowledge, information and belief there is good ground to support" the pleading.