**Merlene COUTURIER, et al.**

v.

**PENOBSCOT INDIAN NATION et al.**

Supreme Judicial Court of Maine.

Argued May 12, 1988.

Decided July 13, 1988.

Christopher G. Limberis (orally), Limberis, Limberis & Simonds, Bangor, for plaintiffs.

Carl F. Rella (orally), Leen & Emery, Bangor, for defendants.

Before McKUSICK, C.J., and ROBERTS, WATHEN, GLASSMAN, SCOLNIK and CLIFFORD, JJ.

CLIFFORD, Justice.

Plaintiffs Merlene and Ronald Couturier appeal from an order of the Superior Court, Penobscot County, dismissing their com-

plaint against the Penobscot Indian Nation and Mark Sockbeson, a police officer employed by the Penobscot Nation. The Superior Court determined that plaintiffs' suit was time barred under 14 M.R.S.A. § 8110 (1980), the two-year statute of limitations provision of the Maine Tort Claims Act. Because we determine that plaintiffs should have been afforded the opportunity to demonstrate that Sockbeson was not acting in a "governmental capacity" within the meaning of 30 M.R.S.A. § 6206(2) (Supp.1987), we vacate the judgment.

According to the Couturiers' complaint, on July 28, 1984, while on the premises of the community center at Indian Island,[1] Merlene Couturier was injured by the actions of Sockbeson, a police officer acting within the scope of his employment by the Penobscot Nation. The Couturiers sought recovery for physical and emotional injury and pecuniary loss suffered by Merlene, and for loss of consortium and pecuniary loss of Ronald Couturier, Merlene's husband.

The complaint was filed on June 26, 1987. The Superior Court dismissed the complaint as time barred under the two-year statute of limitations of the Maine Tort Claims Act,[2] and this appeal followed.

The Couturiers contend that the six-year statute of limitations, 14 M.R.S.A. § 752 (1980), and not the two-year statute of limitations prescribed by the Maine Tort Claims Act, applies, since the Penobscot Nation does not fall within the definition of "governmental entity" for purposes of the Maine Tort Claims Act.[3]

However, the language of the federal and state legislation dealing with the Penobscot Nation clearly evinces a legislative intention to make the acts of the Penobscot Nation, and its employees, while acting in a governmental capacity, subject to the Maine Tort Claims Act.

" 'Indian tribes have long been recognized as possessing the common-law immunity from suit traditionally enjoyed by sovereign powers,' " subject to the control of the Congress of the United States. *Bottomly v. Passamaquoddy Tribe*, 599 F.2d 1061, 1064 (1st Cir.1979) quoting *Santa Clara Pueblo v. Martinez*, 436 U.S. 49, 58, 98 S.Ct. 1670, 1677, 56 L.Ed.2d 106 (1978)). In enacting the Maine Indian Claims Settlement Act, Congress acted to limit the sovereign immunity of the Penobscot Nation and provided that:

> [T]he Penobscot Nation ... may sue and be sued in the courts of the State of Maine and the United States to the same extent as any other entity or person residing in the State of Maine may sue or be sued in those courts. ... Provided, however, That ... *the Penobscot Nation, and their officers and employees shall be immune from suit to the extent provided in the Maine Implementing Act.*

25 U.S.C.A. § 1725(d)(1) (1983) (emphasis added).

The Maine Implementing Act referred to by Congress was the statute previously enacted by the Maine legislature, 30 M.R.S.A. ch. 601, §§ 6201–6214 (Supp.1987), An Act to Implement the Maine Indian Claims Settlement. That Act provides as follows:

> "Governmental entity" means and includes the State and political subdivisions as defined in subsection 3.
> Subsection 3 provides in turn that:
> "Political subdivision" means any city, town, plantation, county, administrative entity or instrumentality created pursuant to Title 30, chapters 203, 204 and 239, quasi-municipal corporation and special purpose district, including, but not limited to, any water district, sanitary district, hospital district and school district of any type.

Section 8102 (3) was later amended by P.L.1987, ch. 386 to include "any volunteer fire association as defined in Title 30, section 3771 and any emergency medical service."

---

**1.** Indian Island is an island in the Penboscot River "reserved to the Penobscot Nation." *See* 30 M.R.S.A. § 6203(8) (Supp.1987).

**2.** 14 M.R.S.A. § 8110 provides:
> Every claim against a governmental entity or its employees permitted under this chapter shall be forever barred from the courts of this State, unless an action therein is begun within 2 years after the cause of action accrues.

*See also* section 8107 requiring that a claimant notify the governmental entity of the claim within 180 days of its accrual.

**3.** 14 M.R.S.A. § 8102(2) (1980) provides:

§ 6206. Powers and duties of the Indian tribes within their respective Indian territories

. . . .

(2) Power to sue and be sued. The Passamaquoddy Tribe, the Penobscot Nation and their members may sue and be sued in the courts of the State to the same extent as any other entity or person in the State *provided, however that the respective tribe or nation and its officers and employees shall be immune from suit when the respective tribe or nation is acting in its governmental capacity to the same extent as any municipality or like officers or employees thereof within the State.*

30 M.R.S.A. § 6206(2) (Supp.1987) (emphasis added).

We agree with defendants that the Maine Tort Claims Act, from which municipalities derive their immunity and which governs any suit against a municipality, *see Faucher v. City of Auburn,* 465 A.2d 1120 (Me.1983), is made applicable to the Passamaquoddy Tribe and Penobscot Nation by section 6206(2). This is consistent with other provisions of this state's Act to Implement the Maine Indian Claims Settlement, which states in an introductory declaration of policy that "the Passamaquoddy Tribe and the Penobscot Nation have agreed to adopt the laws of the State as their own to the extent provided in this Act." 30 M.R.S.A. § 6202. In addition, the Tribe and Nation possess powers similar to the state's municipalities. The Passamaquoddy Tribe and Penobscot Nation "within their respective Indian territories, shall have, exercise and enjoy all the rights, privileges, powers and immunities, including, but without limitation, the power to enact ordinances and collect taxes, and *shall be subject to all the duties, obligations, liabilities and limitations of a municipality of and subject to the laws of the State....*" 30 M.R.S.A. § 6206(1) (emphasis added).[4]

That section 6206(2) does not refer specifically to the Maine Tort Claims Act is in keeping with the purpose of the Act to Implement the Maine Indian Claims Settlement, to serve as a basic, organic document establishing the broad and basic provisions of the relationship between the State and the Maine Indians. *"Because of this nature of the [Settlement Act], it was not drafted to refer to specific provisions of State law, but to refer to the basic principles of State law that have remained constant."* Report of Joint Select Committee on Indian Land Claims, Legis.Rec. (Special Appendix, 1980) (emphasis added).

It is clear that if Officer Sockbeson[5] was acting in a governmental capacity, section 6206(2) makes the provisions of the Maine Tort Claims Act applicable to the Couturiers' claim. If the Maine Tort Claims Act applies, then the claim is time barred since 14 M.R.S.A. § 8110, the two-year statute of limitations, applies to all tort claims brought under the Act, *see Fitzpatrick v. Greater Portland Pub. Dev. Comm'n,* 495 A.2d 791, 793 (Me.1985), and this claim was not brought within two years of the accrual of the cause of action.

■ However, the court dismissed the complaint under M.R.Civ.P. 12(b). Under M.R.Civ.P. 12 "the affirmative defense of the statute of limitations may be raised by a motion to dismiss if facts giving rise to the defense appear on the face of the ... complaint." *Kasu Corp. v. Blake, Hall & Sprague, Inc.,* 540 A.2d 1112, 1113 (Me. 1988). A defendant carries the burden of proof on an affirmative defense. 1 Field, McKusick & Wroth, *Maine Civil Practice* § 8.7 at 199 (1970). A plaintiff need not anticipate an affirmative defense and is entitled to litigate the applicability of the statute of limitations by presenting to the court facts outside the pleadings. *Kasu,* 540 A.2d at 1113; 1 Field, McKusick & Wroth, § 12.12 at 250.

The Couturiers correctly contend that they should be afforded the opportunity to demonstrate that Officer Sockbeson was

---

**4.** Section 6206(1) goes on to provide that internal tribal matters are not subject to state law.

**5.** The Couturiers allege that Officer Sockbeson was acting within the scope of his employment.

not acting in a governmental capacity,[6] and therefore that the Maine Tort Claims Act and its two-year statute of limitations do not apply to this claim. This may be accomplished by the filing of counter-affidavits on a defendant's motion for summary judgment under M.R.Civ.P. 56. *Kasu,* 540 A.2d at 1113; *Patten v. Milam,* 468 A.2d 620, 622 (Me.1983); 1 Field, McKusick & Wroth, § 12.12 at 250. However, if not resolvable by affidavit on a motion for summary judgment, a trial of facts may be required to determine if the officer was acting in a governmental capacity.

The entry is:

Judgment vacated.

Remanded for proceedings consistent with the opinion herein.

All concurring.

**6.** In limiting immunity to the Penobscot Nation and Passamaquoddy Tribe when "acting in [their] governmental capacity," section 6206(2) does not resurrect old distinctions between "governmental" or nonprofit and "proprietary" or profit making functions of a municipality formerly existing under Maine sovereign immunity common law. *See Wilde v. Town of Madison,* 145 Me. 83, 87, 72 A.2d 635 (1950); *Anderson v. City of Portland,* 130 Me. 214, 216, 154 A. 572 (1931). In *Davies v. City of Bath,* 364 A.2d 1269, 1273 (Me.1976), which abrogated common law sovereign immunity, those distinctions were forever eliminated. Rather, section 6206(2) provides immunity under the Maine Tort Claims Act to those functions dealing with the operation of the Tribe or Nation as a government. The Tribe or Nation is not immune when it is acting in its business capacity. *See* section 6208(3) (when acting in its business capacity, Tribe or Nation taxed as business corporation). Although the face of the Couturiers' complaint may suggest that Officer Sockbeson was acting in a governmental capacity at the time of the injury, on the basis of this scant record we cannot say that as a matter of law there are no facts that the Couturiers could present that would demonstrate that Officer Sockbeson was not acting in a governmental capacity.