STATE OF MAINE                           SUPERIOR COURT
YORK, SS.                                Civil Action
                                         Docket No. CV-16-0007


JAMES M. DINEEN,

                Plaintiff,

v.                                              ORDER

BANK OF AMERICA, N.A.

                Defendant.

Plaintiff James M. Dineen filed this action on January 8, 2016 seeking to recover unpaid rent allegedly due from Defendant Bank of America, N.A., from a month-to-month tenancy that ended in January 2010. Defendant filed as a responsive pleading a motion to dismiss the complaint under M.R. Civ. P. 12(b)(6). There have been a number of delays and irregularities in this matter, some of which are Mr. Dineen's responsibility and others, the court's responsibility. The history is detailed in the prior orders of November 10, 2016, August 3, 2016 and May 26, 2016 and will not be reiterated here. Ultimately a hearing was held on March 7, 2016. Based on that hearing, the court rules as follows.

First, consistent with the discussion with counsel at hearing, the court addresses the merits of Defendant's motion to dismiss. Thus the May 26th order and that part of the August 3rd order addressing issuance of the May 26th order will be vacated.

Second, because it was the court's error in prematurely granting the motion to dismiss that prompted Plaintiff's filing of the June 8th motion to reconsider, the court will remit to Mr. Dineen the $60 filing fee he incurred in connection with the filing of said motion.

1

Third, the court declines Mr. Dineen's request for remittance of the second $60 filing fee associated with his second motion to reconsider, and also determines in the circumstances that even though his August 25th motion to reconsider will be granted in part, the August 10, 2016 order awarding $332.40 in attorney's fees to Defendant will stand.

Finally, with regard to the merits of Defendant's motion to dismiss the complaint, the court must deny the motion. The first ground asserted by the motion—Plaintiff failed to comply with Rule 3's 90-day period for filing the return of service—is technically correct. Plaintiff filed the original complaint on January 8, 2016. He served an amended complaint on Defendant on April 8, 2016, and filed the amended complaint along with the return of service on that same day. In 2016, a leap year, April 8 fell on the *91st day* after January 8, *not* the 90th day.

Rule 3 provides that if a return of service "is not timely filed, the action may be dismissed on motion and notice." M.R. Civ. P. 3. A showing of prejudice or lack of good faith is generally required to justify dismissal. *See* Harvey, *Maine Civil Practice* § 3.3, 136 (2011).

Here, Plaintiff missed the Rule 3 90-day deadline by one day. Defendant contends that it would be prejudiced nonetheless because (i) Mr. Dineen apparently never served Defendant with the original complaint, (ii) the original complaint was filed just two days before the expiration of the applicable six-year limitations period for this action, (iii) the return of service filed relates to the amended complaint, and (iv) the amended complaint was clearly served and filed beyond the expiration of the limitations period. Thus, this contention dovetails with the second ground asserted in Defendant's motion—that the action is barred by the statute of limitations, 14 M.R.S. 752.

2

The amended complaint asserts the same cause of action as the original complaint. Since the claim asserted in the amended complaint "arose out of the conduct, transaction, or occurrence set forth or attempted to be set forth in the original pleading," it relates back to the original complaint. M.R. Civ. P. 15(c).

As noted, the original complaint was filed just under the wire—two days before the cause of action for unpaid rent would have been barred outright. The court cannot determine definitively from the facts averred in the complaint that the six-year statute of limitations bars all claims Plaintiff may have with respect to unpaid rent. *See* 2 Harvey, *Maine Civil Practice* §12:12, 423 (2011); *Couturier v. Penobscot Indian Nation*, 544 A.2d 306, 308 (Me. 1988). Even so, Plaintiff's claim for much, if not all, of the back rent may well be barred, as Defendant argues. The court will consider the issue upon a properly submitted record.

Accordingly, the entry will be:

1. Plaintiff's August 25, 2016 motion to reconsider is GRANTED IN PART.

2. The May 26, 2016 order is VACATED and the August 3, 2016 order is VACATED IN PART.

3. The clerk shall remit to Plaintiff James M. Dineen the sum of Sixty dollars ($60), which was incurred as the filing fee in connection with his June 8, 2016 motion to reconsider.

4. Defendant's motion to dismiss is DENIED.

5. Defendant shall file an answer to the complaint within 20 days of the date this order is entered.

6. All other pending motions are DENIED.

The clerk may incorporate this order on the docket by reference pursuant to Rule 79(a).

**SO ORDERED.**

DATED: March 17, 2017

Wayne R. Douglas
Justice, Maine Superior Court

CV-16-0007

PLAINTIFF PRO SE:
JAMES M DINEEN
P O BOX 324
KITTERY ME  03904

ATTORNEY FOR DEFENDANT:
RUFUS BROWN
P O BOX 7530
PORTLAND ME  04112-7530